28176, 28177.   WILSON *v.* ELIJAH A. BROWN COMPANY;
and *vice versa.*

DECIDED JULY 13, 1940.   REHEARING DENIED JULY 31, 1940.

*Robert B. Blackburn,* for plaintiff.

*Elijah A. Brown, G. N. Bynum, Carl B. Copeland,* for defendant.

FELTON, J.   H. C. Wilson sued Elijah A. Brown Company for damages from personal injuries, alleging, that on June 9, 1937, the defendant was the owner of certain improved premises, which on that date were rented to J. T. Parks for the purpose of carrying on and maintaining a dry-cleaning business; that it was known to the defendant that it would be frequented by the public and persons desiring to trade with the tenant; that on said date petitioner went to the place of business of Parks, and as he reached the rear of the storeroom a plank comprising a part of the flooring of the room gave way under his weight, injuring him; that the premises described, at the time they were rented, were generally in bad repair, and the flooring was rotten and decayed, and the sills supporting the floor were decayed; and that the defendant knew or ought to have known of the dangerous and unsafe condition at the time they were rented; that the petitioner did not know of the condition and could not have known by the exercise of ordinary care; that the defendant was not only chargeable with such notice as a matter of law but had actual notice of the defective condition, and did not repair within a reasonable time; and that petitioner was lawfully on the premises when injured.   The defendant filed general and special demurrers.   Before they were ruled on, the plaintiff filed an amendment alleging that the premises had been in such bad condition a month or more next before the date of the

injury, and that the premises were in the possession and under the control of the defendant by and through its tenants for more than a month next before the time of the injury. Demurrers to the petition as amended were filed. The court sustained some of the special demurrers, and overruled others. The order provided that the "petition will stand dismissed unless amended within thirty days." Within thirty days from the date of the order the plaintiff again amended, alleging, that at the time of the injury the premises were in the possession of Parks, who was maintaining the business referred to in the petition, with the knowledge and acquiescence of the defendant; that petitioner went to the premises as a customer of Parks, for the purpose of having his wearing apparel cleaned; that at the time Parks went into possession of the premises they were in a dangerous and unsafe condition which had existed for more than a month before the injury, and that the defendant was negligent in allowing or permitting the premises to be used for the purposes named, at a time when the defendant knew or ought to have known that they were in such a dangerous state; that the defendant by and through its officers and agents visited the premises prior to the time of the injury and had knowledge, or because of the facts charged should have known, that the tenant was using the premises for the purposes designated, and had made visits for more than a month next before the date of the injury. The amendment struck the allegation that the defendant did not repair the defects within a reasonable time after notice. A similar allegation was allowed to remain in the petition. The amendment also attached an itemized statement of medical and surgical expenses. After the filing of the second amendment the court again sustained the special demurrers and dismissed the action, stating in the order that the amendment did not meet the ruling which contingently dismissed the petition, citing *Echols* v. *Patterson,* 60 *Ga. App.* 608 (4 S. E. 2d, 81).

This case involves an order dismissing a petition on special demurrer automatically unless amended within a certain time. Much confusion and uncertainty is caused by this kind of order, both as respects this court and litigants.

1. Two parts of the amendment last filed were material and necessary to a good petition, especially since they filled out a deficiency pointed out by special demurrers which were sustained.

They were the one attaching an itemized statement of the surgical bill, and the one showing why the plaintiff was on the premises when he was injured. The petition was not subject to general demurrer, and these two amendments perfected it so far as stating a complete cause of action was concerned. The court erred in dismissing the action.

2. The petition was not duplicitous. While it was alleged that the defendant failed to repair after notice, the suit is for renting defective premises, and not for the failure to repair a defect arising after the tenancy. Renting latently defective premises and failure to repair premises latently defective at the time of the renting is the same cause of action.

3. It has been held that a landlord is liable for a failure to repair defects arising *after* premises are leased, when he has actual notice thereof by inspection or by being notified, or when he by the exercise of ordinary care should have discovered the particular defects when repairing others of which he had notice. The reason for these rulings is that the *tenant* has exclusive possession of the premises which puts the duty on *him* to inspect and relieves the landlord of this duty. (The rule is of course different where the landlord retains partial or full control.) And when the landlord is on the premises repairing defects, he is charged with the duty of discovering others which he could discover by the exercise of ordinary care in repairing those of which he has notice. All these rules are subject to the qualification that no person injured by a failure to repair can recover if the injury could have been avoided by the exercise of ordinary care by the injured party. However, these are not the only responsibilities and liabilities of a landlord. A landlord impliedly warrants that the rented premises are in good repair *at the time* they are rented; and if they are not, by reason of a *latent* defect (*McGee* v. *Hardacre,* 27 *Ga. App.* 106, 107 S. E. 563), he is liable if he *actually* knew they were not, or if by the exercise of ordinary care he could have discovered that they were not, if the defective condition is latent and is the proximate cause of the injury. *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578); *Robinson* v. *Odom,* 35 *Ga. App.* 263 (133 S. E. 53). The petition as amended set out a cause of action, and was not subject to general or special demurrer. There is no merit in any of the assignments of error in the cross-bill of exceptions. The court erred in sus-

taining the special demurrers to the petition as amended, and in dismissing the action.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Stephens, P. J., concurs.*

SUTTON, J., dissenting. It was alleged in paragraph 5 of the petition, that at the time the premises in question were rented the same were in bad repair, and the flooring was rotten and decayed; that the premises were unsafe for the use and purpose for which they were rented; and that the defendant knew, or ought to have known, of this dangerous and unsafe condition of the premises at the time they were rented. General and special demurrers to the petition were filed, one of which was to the effect that the petition did not show that the defendant knew or had notice of the defective condition of the premises. The plaintiff amended his petition, on May 13, 1938, by alleging that the premises had been in the condition as described in paragraph 5 of the original petition for a month or more next before the time at which the plaintiff was injured; and that the defendant knew, or ought to have known, of the unsafe condition of said premises. After the petition was thus amended, the defendant, on May 20, 1938, renewed its general and special demurrers, and again demurred generally and specially on numerous grounds to the petition as amended, one of the grounds being that neither in the amendment just referred to nor elsewhere in the petition as amended were there sufficient facts alleged to charge the defendant with notice or show liability. On July 6, 1938, the judge passed an order sustaining the defendant's demurrers to the petition as amended, on the ground, among others, that neither the original petition nor the petition as amended contained sufficient allegations of fact to charge the defendant with knowledge or notice of the alleged defective condition of the premises. The order recited that the "said petition will stand dismissed unless amended within thirty days." This order was not excepted to, but was acquiesced in by the plaintiff, who, on August 4, 1938, filed an amendment in which it was alleged in substance, in paragraph six (this being the only portion of the amendment that deals with the question of knowledge or notice on the part of the defendant as to the defective condition of the premises), that at the time the premises were rented they were in a dangerous and unsafe condition, which condition had existed for more than a

month next before the date when the plaintiff was injured, and that the defendant was negligent in allowing or permitting the premises to be used, when it knew, or ought to have known, that they were in such unsafe and dangerous condition; that the defendant company, by its officers and agents visited the premises for more than a month next before the date when the plaintiff was injured, and had knowledge or, because of the facts as charged, should have known that the tenant was using the premises for the purposes designated.

This last amendment was only a restatement of allegations contained in the original petition and the previous amendment, with reference to knowledge or notice on the part of the defendant as to the defective condition of the premises in question, and did not cure or meet the defects of the amended petition as respects knowledge or notice of the defective condition of the premises on the part of the defendant. The court having sustained the demurrers and ordered that the petition as amended stand dismissed unless such defects were cured by amendment within thirty days, and the plaintiff having failed so to amend, the judge properly held that the amendment did not meet the requirements of the previous order dated July 6, 1938, on the defendant's demurrers, and did not err in sustaining the demurrer and in dismissing the action.