32816. WASHINGTON *v.* DUDLEY *et al.*

Decided March 3, 1950.

116

*Randall Evans Jr.*, for plaintiff.

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy, Knox & Neal*, for defendants.

FELTON, J. The decision of one question will be sufficient for a decision of this case. Paragraph 3 of R. A. Dudley's special demurrer should have been sustained. The allegation is that the deceased was "instructed" to get on the truck. The word "instructed" has various meanings, but, as sued in the petition here, it strongly suggests the exercise of authority. We think that the defendant Dudley is entitled to know exactly what the plaintiff intended to allege. While it may be true that the defendant knows what happened, knows whether the deceased was "instructed" or "invited," he is nevertheless entitled to the information so that he may defend his case. He has the right to defend by demurrer if the facts alleged warrant it. The plaintiff contends that the deceased was an invitee. If that is true she must so allege in unequivocal terms. If the deceased was an employee at least two defenses might be asserted. We think that the ends of justice and fair play demand that the plaintiff fully and plainly allege the facts on which she relies. Since the plaintiff refused to amend to meet the ruling on this demurrer, we can do nothing but affirm the judgment dismissing the action irrespective of the fact that the judge might not have done so if he was in error in his other rulings. This result is brought about by the kind of order that was passed on the demurrers.

For a clear understanding of this ruling, see *Wilson* v. *Elijah A. Brown Co.*, 62 *Ga. App.* 898 (10 S. E. 2d, 219), reversed by the Supreme Court in *Elijah A. Brown Co.* v. *Wilson*, 191 *Ga.* 750 (13 S. E. 2d, 779.)

In view of this ruling it is not necessary to consider the other questions raised.

The court did not err in dismissing the action for failure of the plaintiff to amend to meet the ruling on the demurrer above considered.

*Judgment affirmed.* *Sutton, C. J., and Worrill, J., concur.*