ASHER AYRES, plaintiff in error, *vs.* T. L. TAYLOR, defendant in error.

There being no question of fact involved upon the hearing of a case brought up by writ of *certiorari* from a justice's court, and the superior court having made a final decision thereon without sending the same back with instructions, its discretion will not be controlled unless manifestly abused.

*Certiorari.* New trial. Judgments. Before Judge HILL. Bibb Superior Court. October Term, 1874.

This case is sufficiently reported in the decision.

NISBET, BACON & HINES, by JOHN C. RUTHERFORD, for plaintiff in error.

A. PROUDFIT, by SAMUEL HALL, for defendant.

WARNER, Chief Justice.

This was a *certiorari* from a justice's court, on the hearing of which in the superior court the *certiorari* was sustained,

and a judgment awarded in favor of the plaintiff for the sum of $48 50. To the awarding of said judgment the defendant excepted. By the 3d section of the act of 1850, (substantially embodied in the 4067th section of the Code,) it is declared " that in all cases where the error committed in a justice's court is an error in law which must finally govern the case, and in *all other cases* where the judge of the superior court shall be satisfied there is no question of fact involved which makes it *necessary* to send the case back for a new hearing in the justice's court, then it shall be the duty of said judge to make a final decision in said case, without sending it back to the justice's court with instructions." In this case, the judge of the superior court was satisfied that there was no question of fact involved which made it necessary to send the case back to the justice's court for a new hearing, and this court will not control the exercise of the discretion conferred on the judge by the statute, unless that discretion has been manifestly abused. It appears from the evidence in the record that the services rendered by the plaintiff for the defendant, was worth the amount charged therefor, as well for the recovery of his own property, which might have been lost to him but for the services rendered by the plaintiff, as the $98 00 in money which was recovered for him. From the facts disclosed by the record, there was not such an abuse of the discretion conferred by the statute on the judge of the superior court in making a final decision in the case, without sending it back to the justice's court, which will authorize this court to interfere and control the exercise of it.

Let the judgment of the court below be affirmed.