### 16767.   CUTHBERT *v.* SCHOFIELD.

JENKINS, P. J.   1. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Civil Code (1910), § 4420. Where, however, in an action of an injured invitee for damages the petition failed to allege that the owner and occupier of the premises had actual knowledge of the decayed condition of the underside of the upper steps of the outside stairway, but did allege that the upper step which gave way "was apparently sound and in safe condition," and based her petition upon the theory that it was the absolute duty of the owner to make an inspection of the premises, for the purpose of keeping them in repair, irrespective of any apparent fact or circumstance which might, to a reasonably prudent person, in the exercise of ordinary diligence, indicate the necessity of any such inspection, the trial judge did not err in dismissing the petition on demurrer, and the judge of the superior court did not err in refusing to sanction the certiorari. The degree of diligence required by the quoted code-section in keeping the premises safe is not stated as consisting either of slight diligence or of extraordinary diligence, but is stated to consist of ordinary care, such as a prudent householder might reasonably be expected to exercise. In the absence of actual knowledge of the defect in the step, the top of which was exposed to the rain and the underside of which to the air, and which "was apparently sound and in a safe condition," it would seem that to require an inspection of the underside of such a step in order to ascertain if, contrary to appearances, it was in fact in an unsound and unsafe condition, would be to demand the exercise of a most extraordinary degree of diligence. The rule here announced is not in conflict with the decisions in those cases (such as *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507, 116 S. E. 57, chiefly relied upon by the plaintiff in error) in which the owner or occupier of land is required, under the

---

Appeal and Error, 4 C. J. p. 1147, n. 60.
Negligence, 29 Cyc. p. 430, n. 94; p. 453, n. 86; p. 472, n. 26,

terms of the Civil Code (1910), § 4420, to exercise ordinary diligence towards an invitee, in discovering and repairing defects in the premises entered upon. It is ordinary diligence in discovering such a defect which is required; and where, as in the instant case, the owner is without actual knowledge of the defect, and it is shown by the petition that there is nothing to indicate the propriety or necessity of making an inspection to ascertain the possible or probable existence of any defects, ordinary diligence does not require an inspection "where he had no reason to think an inspection was necessary." 29 Corpus Juris, 472 (2). In the *Pece* case, supra, the vessel subjected to heavy pressure and which occasioned the injury was not alleged to have been "apparently sound and in a safe condition," but was shown to have been not only old but "worn" and actually "leaking." Besides, the rule of inspection might be applied with much greater rigidity in cases relating to such dangerous instrumentalities prior to being subjected to high and dangerous pressure.

2. The request set forth in the brief of counsel for the plaintiff in error, that in the event this court should approve the refusal of the superior court to sanction the certiorari, the judgment of this court should require the allowance of certain amendments to the petition, can not be granted, since, as we view the case, the suggested amendments would not materially affect or strengthen the petition. See, also, in this connection, as perhaps bearing upon the propriety of granting such a request, *Ayres* v. *Taylor*, 54 *Ga.* 264, 265; *Couch* v. *White*, 18 *Ga. App.* 198 (89 S. E. 183).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided May 15, 1926.

Petition for certiorari; from Bibb superior court—Judge Mathews. August 14, 1925.

*L. D. Moore, B. Cubbedge Snow,* for plaintiff.

*Jones, Park & Johnston,* for defendant.