28823. McCRORY STORES CORPORATION *v.* AHERN.

DECIDED JULY 16, 1941.

*John M. & James J. Slaton,* for plaintiff in error.

MacIntyre, J. Under the allegations of the petition, the plaintiff went upon the premises of the defendant as an invitee for the purpose of purchasing merchandise in the defendant's store, and while in the store the defendant was liable to the plaintiff for injury occasioned by its failure to exercise ordinary care in keeping the premises and approaches safe. Code, § 105-401; *Atlanta Cotton Seed Oil Mills* v. *Coffey,* 80 *Ga.* 145, 148 (4 S. E. 759, 12 Am. St. R. 244) ; *Fuller* v. *Louis Steyerman & Sons,* 46 *Ga. App.* 830, 834 (169 S. E. 508). The question presented as to whether this court can say, as a matter of law under the facts alleged, that the defendant did not fail to exercise ordinary care in keeping its premises and approaches safe, is not an easy one. The complaint here is in maintaining the premises in an unsafe and dangerous condition, and Code, § 105-401, places on the owner or occupier of the land the duty to exercise ordinary care for the safety of his invitees, in discovering defects or dangers in the premises or instrumentalities thereon, and imposes a liability for injuries resulting from such defects as a reasonable inspection would disclose. *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (116 S. E. 57). In other words, one is not chargeable with negligence in failing to discover and remedy a danger in the property which he could not have discovered by the exercise of ordinary care, or which has not existed for a sufficient time to charge him with the duty of discovering it. Neither is a person bound to foresee and guard against casualties which are not reasonably to be expected, which would not occur save under exceptional circumstances, or which result from an unexpected act of the person injured.

The actual result of an act or omission is not controlling in determining whether or not it was negligent, nor is the duty of the person doing or omitting to do an act to be estimated by what, after an injury has occurred, then first appears to be a proper precaution; but the question of negligence must be determined according to what should reasonably have been anticipated, in the exercise of ordinary care, as likely to happen. 45 C. J. 660, § 28. "It is not uncommon for a person to fall downstairs when there is no defect in the stairway or its covering. A heel may catch on the edge of the stair, or the carpet, and a fall result. The fault rests, not with the stairway, but with the person who so placed his foot. Too often, the accident having so happened, such a person seeks a

'defect' through which to pin upon another the damage flowing from his own lapse. The frequency of that situation led one justice, during argument of an appeal, to make the ironic comment that 'They always find it.' There are, of course, many stairway cases involving honest claims. Some of them are based upon dangerous construction, far more upon *negligent maintenance.* . . *Negligent maintenance* may involve a great variety of defects; a broken tread, a hole in the tread, defective metal covering, debris, snow and ice, torn carpet, and the like. But the defective step must be identified with the plaintiff's fall, and *notice* of the defective condition must be brought home to the party sought to be charged." (Italics ours.) 4 Shearman and Redfield on Negligence, (rev. ed.) 1820, 1822, § 797.

The acts of negligence here complained of were of maintenance, and the case should not be confused with cases where the negligence complained of was improper construction which makes the person charged with liability liable whether he knew of the defects in original construction or not. See *Monahan* v. *National Realty Co.,* 4 *Ga. App.* 680 (62 S. E. 127); *Mayor &c. of Brunswick* v. *Braxton,* 70 *Ga.* 193; *Marr* v. *Dieter,* 27 *Ga. App.* 711 (109 S. E. 532); Code, § 61-112. When the defective condition is one of such character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect, if any, was so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happened which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law. Tryon *v.* Chalmers, 205 App. Div. 816 (200 N. Y. Supp. 362, 364); Beltz *v.* Yonkers, 148 N. Y. 67 (42 N. E. 401).

In the instant petition, the defendant, as operator and owner of the store in question and charged with negligently maintaining the steps in the building, was alleged to have had only constructive or implied knowledge of the alleged defects, for the petition charged that the defendant "knew, or in the exercise of ordinary care and diligence could have known," of the alleged dangerous and unsafe condition of the step. *Flynn* v. *Inman,* 49 *Ga. App.* 186 (174 S. E. 551); *Babcock* v. *Johnson,* 120 *Ga.* 1030 (48 S. E. 438);

*Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97 (64 S. E. 302). In connection with a similar petition where the plaintiff alleged constructive knowledge of the defect, this court said: "Where, however, in an action of an injured invitee for damages the petition failed to allege that the owner and occupier of the premises had actual knowledge of the decayed condition of the underside of the upper steps of the outside stairway, but did allege that the upper step which gave way 'was apparently sound and in a safe condition,' and based her petition upon the theory that it was the absolute duty of the owner to make an inspection of the premises, for the purpose of keeping them in repair, irrespective of any apparent fact or circumstance which might, to a reasonably prudent person, in the exercise of ordinary diligence, indicate the necessity of any such inspection, the trial judge did not err in dismissing the petition on demurrer. . . The degree of diligence required by the quoted Code section [Code, § 105-401] in keeping the premises safe is not stated as consisting either of slight diligence or of extraordinary diligence, but is stated to consist of ordinary care, such as a prudent householder might reasonably be expected to exercise. In the absence of actual knowledge of the defect in the step, the top of which was exposed to the rain and the underside of which to the air, and which 'was apparently sound and in a safe condition,' it would seem that to require an inspection of the underside of such a step in order to ascertain if, contrary to appearances, it was in fact an unsound and unsafe condition, would be to demand the exercise of a most extraordinary degree of diligence. . . It is ordinary diligence in discovering such a defect which is required; and where . . the owner is without actual knowledge of the defect, and it is shown by the petition that there is nothing to indicate the propriety or necessity of making an inspection to ascertain the possible or probably existence of any defects, ordinary diligence does not require an inspection 'where he had no reason to think an inspection was necessary.'" *Cuthbert* v. *Schofield,* 35 *Ga. App.* 443 (133 S. E. 303). See also *Williamson* v. *Kidd,* 65 *Ga. App.* 285.

Our Supreme Court, in *City of Brunswick* v. *Glogauer,* 158 *Ga.* 792, 811 (124 S. E. 787), while holding that the petition alleged sufficient facts to carry the case to a jury on another theory of negligence under Code, § 69-303, making a municipality liable, where

it has not been negligent in constructing or repairing its streets and sidewalks and has no actual notice of defects in the same, only where such defect has existed for a sufficient time for notice to be inferred, nevertheless recognized the theory that with reference to municipal liability for minor defects in sidewalks, it being the duty of municipalities to exercise ordinary care to keep its public streets and sidewalks in a reasonably safe condition (*Herrington* v. *Macon,* 125 *Ga.* 58, 61, 54 S. E. 71), the size and character of the defect in the sidewalk which caused the plaintiff to fall were such that, in the absence of other evidence to show its dangerous character, such as that other pedestrians using the sidewalk had suffered accidents from the defect, the city could not reasonably have anticipated plaintiff's injury from such defect, and, consequently, the omission to repair the sidewalk was not such failure to exercise ordinary care as would show actionable negligence. In the *Glogauer* case the court said: "It would seem that to hold the city liable for an injury caused by such a defect would be to require extraordinary care—a higher degree of care than the law exacts from the city as to the condition in which it should maintain its sidewalks, and that it should be held as a matter of law that the city was not negligent." That case quoted a number of foreign decisions in which it was held as a matter of law that the defects were of such minor character that a failure to repair them was not a failure on the part of the municipality to exercise ordinary care. For instance, in City of Lexington v. Cooper, 148 Ky. 17 (145 S. W. 1127, 43 L. R. A. (N. S.) 1158), there had been a niche in the sidewalk to enable it to pass a standing tree, and, after the tree was removed the niche was filled with dirt and sodded so as to leave its surface 2½ inches below the surface of the walk, and it was held as a matter of law that the defect was not such a one as made the municipality liable. Also, Pastrick v. Kresge Co., 288 Mass. 194 (192 N. E. 485), cited by the plaintiff in error, where it was held as a matter of law, under a statement of facts quite similar to those alleged in the instant case, that slight imperfections or irregularities in buildings are not such defects as show negligence in their *maintenance*.

It should be borne in mind that the owner or occupier of the building is not an insurer. *Coffer* v. *Bradshaw,* 46 *Ga. App.* 143, 148 (167 S. E. 119); *Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E.

712). As has been said in one case, "What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use." Hart *v.* Grennell, 122 N. Y. 371 (25 N. E. 354); Larkin *v.* O'Neill, 119 N. Y. 221 (23 N. E. 563). See *National Bellas-Hess Co.* v. *Patrick,* 49 *Ga. App.* 280 (175 S. E. 255).

It appears from the allegations in the instant case that the defendant did not have actual knowledge of the alleged dangerous and unsafe condition, and the plaintiff based her petition not on the theory of defective construction but on the theory of maintenance in a dangerous and unsafe condition, and that it was the defendant's absolute duty to inspect and discover said condition for the purpose of keeping same in repair. Therefore, in the absence of actual knowledge of the condition of the steps, the ridges on which appeared to be "merely three dark streaks running along the edges of each step, and flush with the surface thereof," it would seem that to require the defendant in inspecting the steps to "stoop down and make a very close and careful examination by sighting along the surface of said steps to observe that said ridges rise in place above the surface of the steps," in order to ascertain if, contrary to appearances, the steps were in fact in a dangerous and unsafe condition, would be to demand the exercise of a most extraordinary degree of diligence. Thus, where, as here, there was no actual knowledge of the alleged dangerous and unsafe condition, and there is nothing in the petition to show or indicate the propriety or necessity of making an inspection to ascertain the possible or probable existence of any defect, such as that other people had tripped or fallen on the steps, ordinary diligence did not as a matter of law, under the facts alleged, require an inspection where the defendant had no reason to think an inspection was necessary. See *Williamson* v. *Kidd,* supra.

The judge erred in overruling the demurrer and in failing to dismiss the petition. The other proceedings in the case were nugatory.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*