32815. McCARTHY *v.* HIERS *et al.*

DECIDED APRIL 7, 1950.

*Wilson & Wilson,* for plaintiff.

*Bennett, Pedrick & Bennett, Joe Schreiber, Mack Barnes,* for defendants.

SUTTON, C. J. This action was brought in Ware Superior Court by Clinton McCarthy against Jack Hiers, Cecil Hiers, and George Thigpen, partners trading as Hiers Planing Mill Company, for personal injuries sustained by the plaintiff when the roof of the defendants' building collapsed.

The material facts alleged in the petition are as follows: The defendants occupy a building at 721 Albany Avenue in Waycross, Georgia, of open construction with a galvanized roof supported by steel girders. There is a boiler room in the building with a large boiler in it, and extending therefrom through an opening in the roof is a large smokestack. On July 16, 1949, the defendants had contracted with P. R. Holtzclaw to paint

this smokestack, and the plaintiff and others in the employ of Holtzclaw began this work. The only way to get to the smokestack was to use a ladder to get to the roof, and then walk across the roof to the smokestack, and the plaintiff was on the roof with a bucket of paint approaching the smokestack when the roof collapsed and he fell through to the concrete floor of the boiler room, receiving severe injuries. The roof had every appearance to the plaintiff of being safe to walk upon.

It is alleged that the plaintiff was in the exercise of ordinary care, and that the defendants knew or in the exercise of ordinary care could have ascertained that the roof was unsafe, insecure, and in a dangerous condition for the use to which is was being put. In addition the plaintiff makes the following allegations of negligence: "(a) Because defendants . . failed in their duty to maintain the premises of their planing mill in a safe and secure' condition. (b) Because defendants . . failed to inspect said roof and premises to see that same were in a state of good and safe repair before allowing said petitioner to go thereupon for the purposes aforestated. (c) Because defendants . . allowed petitioner to go upon said roof for the purpose of painting said smokestack at their special instance and request without informing petitioner that same was unsafe to stand upon or walk upon and that same would not support his weight. (d) Because defendants . . failed to maintain in a safe condition, or to inform petitioner that same was not in a safe condition, although they knew that said roof was the only means whereby petitioner could reach said smokestack in order to paint same."

The trial judge sustained a general demurrer to the petition and dismissed the same, and the plaintiff excepted.

The question presented for determination, as stated by counsel for both parties in their briefs, is whether the plaintiff's petition alleged facts which placed upon the defendants the duty of inspecting the roof in the exercise of ordinary care before allowing the plaintiff to use the same as a walkway and a place to work. This is based on the premise that the plaintiff occupied the status of an invitee on the premises, or that his status was analogous to that of a servant of the defendants. See Code, § 105-401. It appears from the petition that the building was

of open construction, consisting of a metal roof supported by steel girders, which had every appearance to the plaintiff of being safe to walk upon. If it appeared safe to the plaintiff under these circumstances, it must have appeared safe to the defendants, despite the conclusion of the plaintiff that the existence of a defect could have been ascertained by the defendants by an inspection. The alternative allegation that the defendants knew of a defect or could have ascertained the existence of a defect by an inspection, when construed most strongly against the pleader, as must be done on demurrer, shows no actual knowledge of any defect. Where the owner or occupier of premises is without actual knowledge of the existence of a defect, and there is nothing in the appearance or character of the premises or some instrumentality on the premises which would indicate the possible or probable existence of any defects, there is no reason to think an inspection necessary, and ordinary diligence would not require an inspection of the premises or and instrumentality upon the premises before permitting an invitee to make use of the same. *Cuthbert* v. *Schofield*, 35 *Ga. App.* 443 (133 S. E. 303). Also, see *Babcock Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (48 S. E. 438); *Williamson* v. *Kidd*, 65 *Ga. App.* 285 (15 S. E. 2d, 801); *McCrory Stores Corporation* v. *Ahern*, 65 *Ga. App.* 334 (15 S. E. 2d, 797.) Under the facts alleged in the present case the defendants were not required to make an inspection of the roof before allowing the plaintiff to use the same as a walkway to the smokestack, and the petition fails to show any actionable negligence on the part of the defendants. It was not error for the trial judge to sustain the defendants' demurrer and dismiss the petition. There is no contention that the roof was constructed by the defendants and that the alleged defects were due to faulty construction.

The cases cited and relied upon by the plaintiff in error are distinguishable on their facts from the case at bar and they do not authorize or require a different ruling from the one here made. The plaintiff relies mainly upon the ruling and language in *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (116 S. E. 57). The instrumentality involved in that case was an "ammonia shell brine cooler" in which gas was placed under pressure, and it had been in use for a long time and was worn and leaking, and ob-

viously it was an instrumentality which would require frequent or continual inspection in the exercise of ordinary care. That case is distinguishable on its facts and is not applicable in the present case.

*Judgment affirmed. Felton and Worrill, JJ., concur.*