**Albin WALLA, Plaintiff,**

v.

**CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, a corporation, Defendant.**

**Civ. A. No. 027.**

United States District Court
D. Nebraska.

June 26, 1956.

D. B. Anderson and Donald P. Lay (Eisenstatt, Seminara & Lay), Omaha, Neb., for plaintiff.

J. W. Weingarten and W. P. Loomis, Omaha, Neb., for defendant.

DELEHANT, Chief Judge.

Plaintiff seeks in this action to recover a judgment for damages by him allegedly sustained as the result of a crossing collision (which he attributes to negligence of defendant) between a motor truck owned and being operated by him and a locomotive owned by defendant and under the operation of its servants or employees. Defendant denies liability, generally upon the basis of denial of negligence on its own part and of the averment of negligence by plaintiff as the proximate cause of the collision and damage.

The issue presently before the court arises in this manner. Plaintiff, under Federal Rules of Civil Procedure, Rule 34, 28 U.S.C.A. has moved for an order requiring defendant to make available for inspection and copying for use at the trial (a) a plat of the railroad tracks and crossing at the scene of the collision and its near vicinity, and (b) "the shorthand notes taken in the County Court in Sarpy County by Roy Peterson, Court Reporter, of the plaintiff's testimony and the testimony of defendant's employees as given in the County Court and as purchased by the defendant from Roy Peterson, Court Reporter." Responding in writing to the motion, defendant expressly signifies its readiness to comply with the motion to the extent of the submission for plaintiff's examination and copying, if desired, of the plat of the material area and the transcript of testimony made by Roy Peterson, in so far only as such testimony was given by employees of defendant. To that extent, the motion is regarded as confessed and is allowed without controversy. But defendant objects to so much of the motion as demands that it be required to submit to plaintiff for examination or copying the transcript of the testimony of plaintiff himself at such hearing. It is that objection which evokes this ruling.

The exact nature and origin of the County Court hearing in which the testimony of plaintiff was given may not be considered to have been clearly disclosed to this court. Of it, one of plaintiff's attorneys says in an affidavit, "that shortly after the occurrence of the accident which is the subject matter of this lawsuit, there was a hearing before the County Court of Sarpy County, pertaining to the violation of statutes of the respective parties to this lawsuit; that the defendant procured the services of a Court Reporter, a Mr. Roy Peterson, of Plattsmouth, Nebraska, to take the testimony of the plaintiff and the other witnesses in the case;". It is the transcript of the plaintiff's own testimony given at that hearing and thus taken, and procured and paid for by defendant, which plaintiff now asks that defendant be required to provide for him.

These further facts satisfactorily appear from the submission to this court of the resisted portion of the motion. Plaintiff himself was present at the hearing and the giving of the testimony. Indeed, it is only his own testimony of which the production of a transcript is in controversy. He was, moreover, represented in and during the hearing by Mr. Anderson, his attorney at that time and one of his counsel in this case. It is asserted in an affidavit by one of the defendant's attorneys, and not denied, and is, therefore, taken to be true, that plaintiff was produced as a witness in the hearing by his own attorney. It necessarily follows that of the substance of his testimony both plaintiff and his counsel, Mr. Anderson, must be aware, although their recollection of its precise verbiage may be inexact some months after the hearing. What emerges seems, with assurance, to be a situation in which plaintiff's counsel desire to scrutinize, and in their discretion to copy, the transcript of plaintiff's testimony as a bulwark against possible surprise on his cross-examination in the trial of this action or as a pattern to which his direct examination may be tailored.

Such a purpose appears generally to this court to be beyond the proper objectives of Rule 34. The rule facilitates the pursuit of evidence or of matter out of which evidence may emerge, not the erection of a program of insurance against some of the familiar hazards of the production of testimony in any trial. This is not to say that the plaintiff may not by his own effort and at his own expense have the right to procure a copy of his earlier testimony. In fact, it appears from his attorney's affidavit that he actually sought in the first instance to do that, only to be balked by defendant's unwillingness to consent that the Reporter make a transcript of plaintiff's testimony for plaintiff's use and at plaintiff's request and cost. Action, or studied inaction, by defendant calculated to intercept the Reporter's provision for plaintiff at plaintiff's own expense of a transcript of his testimony is obviously presumptuous. Peterson is by occupation a Court Reporter, not an ordinary employee of defendant. Defendant ought not, therefore, to be allowed to prevent plaintiff from procuring from Peterson and paying him for a transcript of his evidence.

If and on condition, therefore, that counsel for defendant shall within fifteen days from this date, in writing duly served on opposing counsel with copy filed herein, signify to Peterson the assent of defendant to Peterson's preparation for, and delivery to, plaintiff's counsel and at plaintiff's expense, of a transcript of plaintiff's testimony, the defendant's objection stands sustained and to that extent plaintiff's motion is denied. But that denial is thus contingent. And the objection is alternatively overruled and the motion alternatively granted, if within fifteen days from this date, counsel for defendant shall refuse or fail so to signify such assent in writing duly served on opposing counsel with copy filed herein.

An order is being made and given accordingly.