36435. LAND *v.* AMUSEMENT VENDING COMPANY.

Decided December 4, 1956.

*Thomas B. Branch, Jr., Harold Sheats,* for plaintiff in error.
*Cohen, Roberts & Kohler,* contra.

GARDNER, P. J.   The case nearest in point to the case at bar (which is from another jurisdiction), is: Williams *v.* Mineral City Park Association, 128 Iowa 32 (102 N. W. 782, 5 Ann. Cas. 924).   We deem it essential to quote from that case as follows: "The defendant association is a corporation under whose management and direction a place or field for public amusement has been established at or near the city of Ft. Dodge, Iowa.   Within this inclosure is erected a so-called 'grand stand' or amphitheatre containing benches or seats for the accommodation of the people attending the races and other exhibitions there given.   Over the central portion of this amphitheatre, at a height of some twenty-five feet, is a platform intended to be occupied by a band of music.   This platform was inclosed by a rail two by four inches in size extending around the four sides about three and one-half feet from the floor.   On three sides, near the rail, were benches for the accommodation of the musicians.   Except as described, the platform was inclosed by no barrier or netting to guard against the fall of any substance or article from the platform upon the audience seated below.   An entrance fee was collected from visitors for admission to the grounds, and an addditional fee for a seat in the amphitheatre.   Upon the day in question

certain races had been provided by the defendant, to which, by the usual methods of advertising, the public was invited. The plaintiff attended the entertainment, paid the usual charges for admission to the ground and to the amphitheatre, and was given a seat below the band platform. While sitting in the place thus provided, and without any apparent fault on her part, a quart bottle was dropped or fell from the platform upon the head of the plaintiff, resulting, it is alleged, in her serious injury. The plaintiff's petition sets out these facts, and charges the defendant with negligence (1) in constructing the platform without netting or other barrier to guard against such injuries to persons seated below; and (2) in giving the plaintiff a seat under said platform, when, in the exercise of due care, it should have known and provided against the danger to which she was thus exposed.

"There was evidence tending to show that on one or more occasions during the day, and prior to the accident, bottles of some kind had been seen upon the platform floor, and it is the theory of the appellant that the bottle by which she was hurt rolled or was in some manner crowded or pushed from said floor. No one testifies to seeing anything of this kind, but it is sought to be inferred from the facts above stated. On the other hand, a witness for the defendant testifies to having seen a member of the band pick up from the floor two quart bottles, and in attempting to hold them on the rail with one hand, while he reached for a third with the other hand, a bottle slipped from his grasp, and fell over the rail. The witness, who was also a member of the band, immediately went below, and learned that plaintiff was injured, evidently by the bottle which he had seen fall." In that case it was held that, where it appeared that the plaintiff, while sitting in the grand stand, was struck by a bottle dropped from the band platform overhead, it was for the jury to determine whether it was negligence for the defendant to fail to provide such inclosure around the platform as would have prevented the accident from happening, and that, where it appeared that the defendant permitted dealers to carry bottled liquors to persons on the band platform, it was for the jury to determine whether the defendant was negligent in not keeping the floor of the platform clear of bottles. See also 22 A. L. R. 610.

Counsel for the defendant call our attention to *Cuthbert* v.

748

*Schofield*, 35 *Ga. App.* 443 (133 S. E. 303); *Great A. & P. Tea Co.* v. *Cox*, 51 *Ga. App.* 880 (181 S. E. 788); *McCrory Stores Corp.* v. *Ahern*, 65 *Ga. App.* 334 (15 S. E. 2d 797); *Brown* v. *S. H. Kress Co.*, 66 *Ga. App.* 242 (17 S. E. 2d 758) and *United Theatre Enterprises* v. *Carpenter*, 68 *Ga. App.* 438 (23 S. E. 2d 189). It is our opinion that the cases called to our attention by counsel for the defendant are not controlling. We take this view because none of those cases showed such a dangerous instrumentality in operation as does the one which was in operation in the instant case at the time the injury was inflicted. One operating a merry-go-round for hire is bound to see that no bottles are carried on the merry-go-round or dropped in the immediate vicinity thereof before the machine is put into operation. It is our opinion that the exercise of ordinary care in operating the machine and in keeping the premises safe from such bottles is required. By the exercise of ordinary care in making such inspections such injuries likely would not occur.

The court erred in sustaining the demurrer and thus dismissing the petition.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*