**Felicita Ernestine RE, Plaintiff,**

v.

**Henry FULLOP and Paul Fullop, Defendants.**

**Civ. No. 3952.**

United States District Court
E. D. Illinois.

Feb. 3, 1958.

Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, Mo., and Walker & Williams, East St. Louis, Ill., for plaintiff.

Pyle & McCallister, Carmi, Ill., for defendants.

JUERGENS, District Judge.

Plaintiff, Felicita Ernestine Re, filed her complaint in this court alleging that the defendants, Henry Fullop and Paul Fullop, entered into a contract with the plaintiff in the State of Missouri by the terms of which plaintiff agreed to introduce defendant Henry Fullop to persons in the St. Louis, Missouri, area who would invest money with the defendants for the purpose of drilling for oil. The defendants agreed that they would pay the plaintiff one-thirty-second of all monies realized from oil produced from wells drilled by defendants or under defendants' direction with money invested by persons introduced to the defendants by the plaintiff. Plaintiff further alleges she has performed all of the duties required of her under the contract and that the defendants have failed to comply with the terms of the contract; that the plaintiff has no exact information as to the amount of money invested with the defendants, the number of wells produced, or the sums of money realized from oil produced by the said wells and asks an accounting of such matters by the defendants. Plaintiff demands judgment against the defendants for the amount of money realized from oil produced in the amount agreed to in the contract.

In Count II of the complaint the plaintiff alleges that the defendants, Henry Fullop and Paul Fullop, were at all times mentioned in the complaint, co-partners doing business as Eastern Petroleum Company; that the plaintiff at the special instance and request of the defendants introduced Henry Fullop to numerous persons so that defendants could solicit from such persons sums of money to finance the drilling of oil wells. The defendants received money from these persons and used the money to drill wells for oil; that the reasonable value of services rendered by the plaintiff to the defendants is $10,000.

Jurisdiction of the court exists by virtue of diversity of citizenship. Plaintiff is a citizen of the State of Missouri. Defendants are citizens of the State of Illinois. The matter in controversy fairly exceeds the sum of $3,000, exclusive of interest and costs.

The defendants filed their motion to dismiss the complaint or in the alternative, to make more definite and certain. As basis for their motion the defendants assert that: (1) the complaint fails to state a claim against these defendants or either of them, upon which relief can be granted; (2) to dismiss Count I because it does not allege in sufficient detail the alleged contract, nor does it allege if such contract be oral or written; (3) to dismiss Count II as it does not allege how and to what extent defendants benefited by acts of the plaintiff; (4) to dismiss the complaint against the defendant Paul Fullop since no agreement is alleged to have been entered into with this defendant, nor does an agency between Henry Fullop and Paul Fullop appear.

In the alternative, the defendants request the court to order plaintiff to furnish a more definite statement of the nature of the claim, as the complaint is too vague and ambiguous to permit the defendants to prepare a responsive pleading thereto. It is alleged that the complaint should be made more definite and certain in the following particulars:

(1) Specify whether or not the contract be oral or written and the type, kind, time, and date of such contract.

(2) Identify the leaseholds upon which the plaintiff claims an interest, the specific type and kind of interest claimed.

(3) To show the names of the persons the defendant Henry Fullop was intro-

duced to by the plaintiff who invested in the successful ventures to obtain oil.

Subsequent to the filing of the motion to dismiss, plaintiff filed a motion in this court requesting leave to amend her complaint in the following particulars:

(a) The caption of said complaint to be amended so as to read:

Felicita Ernestine Re,
                    Plaintiff,
          vs.
Henry Fullop and Paul Fullop, co-partners doing business as Eastern Petroleum Company, Carmi, Illinois,
                    Defendants.

(b) The second sentence of paragraph 2 to be amended in the fifth line of said paragraph by the addition of the word "oral".

■■ In accordance with Rule 15 of the Federal Rules of Civil Procedure, Title 28, U.S.C.A., the plaintiff will be granted leave to amend her complaint.

■ Under Rule 8(a) (2) of the Federal Rules of Civil Procedure, Title 28, U.S.C.A., a complaint must contain a short plain statement of the claim showing that the pleader is entitled to relief. If the pleading gives the opposing party fair notice of the claim, the basis upon which it is founded, and a general indication of the type of litigation involved, it is sufficient to comply with the rules. Barron & Holtzoff, Federal Practice, Volume 1, Section 255.

■ As to the defendants' motion to dismiss for failure to state a cause of action upon which relief can be granted, it has been held that where plaintiff can recover upon any state of facts which may be proved under any allegations as laid, the complaint states a claim upon which relief can be granted and the motion must be denied. Wilson v. Illinois Central Railroad Co., D.C., 147 F.Supp. 513.

■ Count I of the complaint alleges that a contract was entered into between the plaintiff and the defendants; that the plaintiff has performed all the conditions required of her under the contract; that the defendants have failed to perform. The time, place, and terms of the contract, as alleged by plaintiff in Count I of her complaint, are set forth therein. Thus, it would appear that the plaintiff states a cause of action upon which relief may be granted if on the trial she is able to prove by a preponderance or greater weight of the evidence the allegations as laid. Therefore, the complaint as to Count I is sufficient to state a cause of action against the defendants.

■ As to Count II, plaintiff alleged her claim in the form of a common count upon an implied contract between plaintiff and the defendants. In 2 Moore's Federal Practice, Section 8.16, it is said, "Since the common counts were generally tolerated under the 'fact-pleading' of the Codes, there should be no question as to their propriety under the present system of notice pleading." This court is of the opinion that this is a proper interpretation of the rules as regards the use of the common counts under the present system of pleading prescribed by the Federal Rules of Civil Procedure. An examination of the Federal Rules discloses that, if the defendants have notice of the action which they are to defend, the complaint is sufficient. The court is of the opinion that Count II of the complaint is sufficient under the Rules. Therefore, the motion to dismiss Count II for failure to state a cause of action must be denied.

The defendants' objection that the complaint does not allege whether the contract was written or oral is no longer pertinent since this alleged deficiency is cured by the complaint as amended in that it now states that the contract was oral.

The defendants' contention that Count II does not allege how and to what extent defendants benefited by the plaintiff's acts is not well founded. Count II of the complaint clearly alleges how the

plaintiff's acts benefited defendants and further alleges the reasonable value of such services.

 The defendants' objection that no cause of action is alleged against Paul Fullop since no agency is alleged between Henry Fullop and Paul Fullop is without merit. The complaint in each count alleges a co-partnership between Henry Fullop and Paul Fullop.

Defendants' motion for more definite statement seeks to have the plaintiff disclose in her pleading the facts which constitute the cause of action. The motion to make more definite and certain is not intended to obtain fact details as here requested by the defendants, but rather to enable a party to prepare his responsive pleading. Factual details are more properly ascertainable by appropriate discovery procedure. If the complaint is adequate to inform the defendants as to the nature of the suit against them so that they might answer, the demand for more definite pleading will not be granted. Where a motion for more definite statement asks, not for a further statement or particularization of the plaintiff's claim, but for the disclosure of the evidence by which he proposes to prove it or them, the motion will be denied. The defendants may by discovery seek and perhaps obtain all or most of what they mistakenly demand by their motion during the pleading stage of the litigation. Walla v. Chicago, Burlington & Quincy Ry. Co., D. C., 19 F.R.D. 352. The motion for more definite statement should not be granted unless the pleadings to which it is addressed is so vague and ambiguous that a party may not reasonably be required to frame a responsive pleading. Marquardt-Glenn Corp. v. Lumelite Corp., D. C., 11 F.R.D. 175. Particulars which defendants may need to prepare for trial should be obtained by depositions, interrogatories, or other discovery procedures, United States v. General Motors Corp., D.C., 2 F.R.D. 528. Upon examination of the complaint in its amended form the court is of the opinion that the complaint is sufficient. Therefore, the defendants' motion to dismiss and the defendants' motion to make more definite and certain should be denied.