## 38105. LUPION *v.* BLASS.

DECIDED MARCH 11, 1960.

*Carpenter, Karp & Mathews, A. Tate Conyers,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, Douglas Dennis, B. Carl Buice,* contra.

CARLISLE, Judge. Miss Zelda Lupion sued Dr. Nathan Blass in the Superior Court of DeKalb County for damages for personal injuries allegedly resulting to her when she fell, or tripped, over a rubber mat placed in the entranceway to a building owned by the defendant wherein he maintained his offices and in which he rented offices to other persons. The negligence charged against the defendant in the petition was in failing to provide the petitioner with a safe means of ingress to the building; in so placing the rubber mat as to permit a space of two or three inches to exist between the edge of the mat and the threshold of the door, and in failing to place the said mat directly against the threshold and in permitting that condition to exist when the defendant knew, or in the exercise of ordinary care should have known, that the space existed, and in failing to warn petitioner that the mat was so placed.

On the trial of the case the plaintiff's evidence showed sub-

stantially that she went to the defendant's building as a patient of the defendant; that she opened the front door which, apparently, opened more or less directly from the public sidewalk, and that immediately inside the door on the floor of the hallway was a black rubber mat, some three by five feet; that the plaintiff took one step inside the building and when she took her second step the heel of her shoe, first placed inside the door, caught on the edge of the rubber mat and she was thrown violently to the floor, sustaining the injuries for which she sued. The plaintiff testified on cross-examination that she did not look at the mat after opening the door and before placing her foot inside the door, and she admitted that she could not testify as to the position of the mat until after she had fallen and looked at the mat to see what had caused her fall. She testified that she then observed the position of the mat away from the threshold with its edge curled up. There was no testimony in the record which would have authorized any finding as to how long the mat had been in this position, and assuming, merely for the sake of argument, that the plaintiff's testimony as to how she sustained the fall would have been sufficient to authorize the jury to infer that the mat was in the position complained of at the time the plaintiff first placed her foot inside the door, this fact alone would not have authorized the jury to infer that it had been in that position a sufficient length of time to put the defendant on notice thereof.

As distinguished from defects in construction, where the rule is that the landlord is conclusively presumed to have knowledge thereof (*Wynne v. Southern Bell Tel. & Tel. Co.*, 159 *Ga.* 623, 126 S. E. 388; *Monohan v. National Realty Co.*, 4 *Ga. App.* 680 (1), 62 S. E. 127), mere defects in the maintenance of the premises must be shown to have existed for such a length of time, or under such circumstances as to actually or constructively put the owner of the building on notice thereof before he will be liable for injuries resulting therefrom. *McCrory Stores Corp. v. Ahern*, 65 *Ga. App.* 334 (15 S. E. 2d 797); *Lane Drug Stores, Inc. v. Brooks*, 70 *Ga. App.* 878, 886 (29 S. E. 2d 716). In the instant case, which is in the latter category, there is no evidence which in any way shows or tends to show that the mat in question had been in the position complained of for any particular length of

time prior to the plaintiff's injury. There was no evidence showing that the mat was of such a character as to be easily moved or kicked about, or that the defendant knew or should have known this so as to put him on notice that it might be out of position at any time. There was no evidence that there had ever been any previous untoward occurrence connected with the mat such as would have put the defendant on notice that an injury might result therefrom. No witness testified to having observed the mat out of its proper position at some time prior to the plaintiff's injury so as to raise an inference of notice to the defendant. These are but some of the ways that it might have been shown that the defendant had actual or constructive knowledge of the condition complained of, but there was no evidence showing such knowledge either in one of these ways or in any other way. Without some such evidence the allegations of negligence which charged the defendant with constructive notice of the defect were not sustained by the evidence, and the trial court did not err, therefore, in granting the nonsuit. *Gray* v. *Schlapp,* 92 *Ga. App.* 261 (1) (88 S. E. 2d 536).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*