38380. SAVANNAH EAST SIDE CORPORATION v. ROBINSON.

DECIDED SEPTEMBER 7, 1960—REHEARING DENIED SEPTEMBER 27, 1960.

428

*Brannen, Clark & Hester, H. Sol Clark,* for plaintiff in error.
*Lewis, Wylly & Javetz, John C. Wylly,* contra.

NICHOLS, Judge. 1. This action is brought under *Code Ann.*
§ 105-401, which provides as follows: "Where the owner or
occupier of land, by express or implied invitation, induces or
leads others to come upon his premises for any lawful pur-
pose, he is liable in damages to such persons for injuries occa-
sioned by his failure to exercise ordinary care in keeping the
premises and approaches safe." The plaintiff contends that the
defendant violated this Code section by failing to place water or

sand in the ash receptacle involved in this case, and that such omission on the part of the defendant amounted to a failure to exercise ordinary care in keeping the premises safe for the invitee plaintiff. With this contention we cannot agree. Assuming, but not deciding, that in the exercise of ordinary care the defendant would have been required to place sand or water in the ash receptacle, and assuming further, arguendo, that the defendant had so complied, can it be said with any degree of certainty that the mere presence of water or sand in the receptacle would have prevented the explosion in the absence of an allegation that by the placing of sand or water in said receptacle that part of the metal surface, where the plaintiff sought to snuff out the cigarette, would have been covered by the water or sand? Certainly we think not, for the mere stating of the question serves to answer it. The act causing the explosion and flame, according to the allegations of the petition, was the contact of the burning end of the cigarette with the metal surface on which the invisible, inflammable substance had been placed by a prankster. Obviously the presence of either sand or water in the said receptacle, necessarily below the metal surface could not have had any effect on the invisible substance on the metal surface. "If an injury would have occurred notwithstanding alleged acts of negligence of the defendant, there could be no recovery," in an action for negligence. *Western & Atlantic R. v. Frazier*, 66 Ga. App. 275 (18 S. E. 2d 45). Furthermore, the highly inflammable substance being invisible to the plaintiff was likewise invisible to the defendant and thus prevented it from having any knowledge of any existing danger. Even an inspection would have failed to disclose the highly inflammable substance because it was invisible. "One is not chargeable with negligence in failing to discover and remedy a danger in the property which he could not have discovered by the exercise of ordinary care, or which has not existed for a sufficient time to charge him with the duty of discovering it. Neither is a person bound to foresee and guard against casualties which are not reasonably to be expected, which would not occur save under exceptional circumstances, or which result from an unexpected act of the person injured. The actual result of an act or omission is not controlling in deter-

mining whether or not it was negligent, nor is the duty of the person doing or omitting to do an act to be estimated by what, after an injury has occurred, then first appears to be a proper precaution; but the question of negligence must be determined according to what should reasonably have been anticipated, in the exercise of ordinary care, as likely to happen." *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334, 336 (15 S. E. 2d 797).

Another contention of the plaintiff is that when the defendant placed the ash receptacle in the lobby of its theatre a duty was then imposed upon it to furnish a proper and safe appliance, and that the appliance (receptacle) as originally installed by the defendant, without sand or water was a fire hazard and a mantrap. In support of this contention plaintiff quotes from 65 C. J. S. 562, Negligence, § 70: "A person undertaking to furnish machinery or appliances for the use of others ordinarily assumes a duty to furnish proper and safe appliances." This contention is not well taken because the receptacle in this case was proper and safe as originally installed and became unsafe only after it was perverted to a purpose not intended by the defendant, in that an invisible substance that was highly inflammable was placed in it by some prankster. "Where an instrumentality is put to a use not intended, the owner or person in control is not liable for the resulting injuries unless he knew or should have known that it would be diverted to such use." *John Deere Plow Co. v. Johnson*, 98 Ga. App. 36, 38 (105 S. E. 2d 33). The defendant in this case was not required to anticipate that the receptacle would be diverted to a use for which it was not intended.

The plaintiff further contends that the defendant was negligent in not having the receptacle regularly cleaned, and alleges in his petition that "there was present in said receptacle at said time a large number of cigarette butts." We find no merit in this contention. There is no allegation in the petition with reference to the length of time that the highly inflammable invisible substance had been in the receptacle and nothing to show any knowledge on the part of the defendant of its presence there. There are no pleaded facts to support the contention that the receptacle was not regularly cleaned. The mere presence of a large number

of cigarette butts in the receptacle at the time of the explosion does not establish the fact that they had been there for any appreciable length of time. On the contrary, the receptacle located where it was, raises a strong presumption that the cigarette butts were placed there during the three-minute intermission between features.

Although mindful of the general rule of law to the effect that questions of diligence and negligence are questions peculiarly for the jury and ought not to be decided on general demurrer except in plain, palpable and indisputable cases, we, nevertheless, are persuaded that this is one of those cases that falls within the purview of the latter category, and the general demurrer should have been sustained as the petition fails to set out a cause of action.

2. Inasmuch as this case is being reversed on the trial court's failure to sustain the general demurrer, the special demurrers are now moot and will not be passed upon.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*