38778.   WATSON v. CITIZENS & SOUTHERN BANK.

CARLISLE, Judge.   The plaintiff in this case alleged that he stepped on a glass bottle which had been left on a stairway on the defendant's premises, and was by that occurrence propelled down the stairway sustaining injuries for which he sued.   By amendment he alleged that the bottle on which he stepped had been on the stairway for three or four days prior to the time he stepped on it and that the neglect of the defendant to remove said bottle for that length of time amounted to the failure to exercise ordinary care and diligence.   Subsequently, the plaintiff amended his petition, and without striking prior allegations in this regard, alleged "for a long period of time prior to said injury empty bottles were left, almost daily, on said steps.   That often defendant's employees would use the stairway as a place to eat lunch, and would leave empty bottles after their lunch.   These bot-

tles would remain on the steps until a routine visit by the janitor, when they would be removed. These visits by the janitor were not of a schedule, but he would make such visits two or three times a day." By a subsequent amendment, and again without striking prior allegations, the plaintiff alleged, "plaintiff does not know for what length of time said bottle, on which he stepped, had been on the steps, but does hereby allege that . . . it was failure upon the part of defendant to exercise ordinary care, toward plaintiff, to keep said stairway safe, regardless of the length of time the bottle had been on the steps." *Held:*

It is fundamental that on general demurrer a petition must be construed most strongly against the plaintiff and if when so construed it fails to state a cause of action it should be dismissed. Assuming that the allegations of the plaintiff's petition show that he was an invitee on the premises of the defendant and that the defendant owed him the duty of exercising ordinary care to keep its premises safe, the petition, when construed most strongly against the plaintiff, wholly fails to allege a violation of any duty in this regard. No matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that it should not have done, or failed to do something that it should have done pursuant to the duty owed the plaintiff. A landowner is not the insurer of an invitee's safety. Before the defendant can be charged with negligence in failing to remove the bottle from the stairway it must be shown that it had notice, either actual or constructive, of the presence of the bottle on the stairway. Under the allegations of the petition, it is clear that the plaintiff relies solely upon constructive notice, but the petition does not allege that the bottle had been on the stairway for any particular length of time, and unless it be shown by the allegations of fact that the bottle had been left on the stairway for such a length of time as to raise an inference that the defendant had notice of its presence, the defendant cannot be charged with constructive notice where it is not shown that the bottle was placed there by it or by its employees in doing something connected with the defendant's business. *Cook v. Kroger Baking &c. Co.,* 65 Ga. App. 141 (15 S. E. 2d 531); *Brown v. S. H. Kress Co.,* 66 Ga. App. 242 (17 S. E. 2d 758); *Miscally v. Colonial Stores,* 68 Ga. App.

729 (23 S. E. 2d 860); *Watson v. McCrory Stores*, 97 Ga. App. 516 (103 S. E. 2d 648); *Lupion v. Blass*, 101 Ga. App. 264 (113 S. E. 2d 413); *Wootton v. City of Atlanta*, 101 Ga. App. 779 (115 S. E. 2d 396). Allegations that the defendant's employees habitually left bottles on the stairway after eating their lunches did not amount to an allegation that this was done by the defendant or that the defendant had notice of such facts. The general demurrer to the amended petition was properly sustained and the petition properly dismissed. *Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED APRIL 5, 1961—REHEARING DENIED APRIL 19, 1961.

*John Henry Poole*, for plaintiff in error.
*Burt & Burt, H. P. Burt*, contra.