### 39451. SPIRES v. FITZSIMMONS.

DECIDED MAY 11, 1962.

*Weltner & Branan, Charles L. Weltner,* for plaintiff in error. *Lokey & Bowden, Hamilton Lokey,* contra.

JORDAN, Judge. "The responsibility of a landlord for damages from personal injuries to a tenant or his invitee, for failure to repair a latent defect in the premises before leasing it, is not absolute, but is predicable only on his knowledge of the defect and consequent necessity for repairs." *Elijah A. Brown Co. v. Wilson,* 191 Ga. 750 (1) (13 SE2d 779). "This knowledge may, of course, be constructive as well as actual; for the landlord can not, merely by remaining ignorant of the facts out of which his duty arises, exempt himself from responsibility. Accordingly, if the facts be such that by the exercise of ordinary care in the performance of his obligation to keep the premises in repair he ought to have known of a latent defect therein, he becomes answerable in damages to the tenant, or one entering under the authority of the tenant, for personal injuries sustained by reason of such defect. [Citing cases]. *Ordinary care in the fulfillment of the landlord's duty to keep the premises in repair does not, however, embrace an affirmative duty to make such an inspection of the premises as will disclose the existence of any and all latent defects which may actually exist therein.* [Emphasis ours]. This would be but to place upon the landlord an absolute duty, not implicit in the statute, to rent premises free from latent defects." *Elijah A. Brown Co. v. Wilson,* 191 Ga. 751, supra.

It is implicit in the decision of the Supreme Court in the *Brown* case, supra, that there exists no absolute duty of inspec-

tion upon a landlord to discover defects in the premises prior to leasing them, for the reason that ordinary diligence, which is the measure of the duty imposed upon the landlord in such case, does not require an inspection where the landlord has no reason to think an inspection is necessary. See *Cuthbert v. Schofield*, 35 Ga. App. 443 (133 SE 303); *Williamson v. Kidd*, 65 Ga. App. 285 (15 SE2d 801); *McCarthy v. Hiers*, 81 Ga. App. 365 (59 SE2d 22).

Accordingly, where, as in the instant case, the petition does not allege facts showing actual knowledge of the alleged defect on the part of the landlord and where the circumstances alleged fail to disclose that there was anything to indicate the propriety or necessity of making an inspection to ascertain the possible or probable existence of any defects, a cause of action is not set forth against the defendant landlord because of the failure to repair the alleged defect in the premises prior to giving possession to the lessee.

The trial court did not err therefore in sustaining the general demurrer to the petition as amended.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*