## 39890. NORWOOD v. BELK-HUDSON COMPANY OF VALDOSTA.

DECIDED JANUARY 31, 1963.

*J. Lundie Smith, Edwards & Gibbons,* for plaintiff in error.
*Tillman & Brice, B. Lamar Tillman,* contra.

BELL, Judge. Under numerous decisions of this court, an occupier of land is not liable for injuries sustained by an invitee upon the premises unless a dangerous condition was created by the occupier or his employee or by a third person, and in the latter case there is liability only after the occupier has knowledge of, or by exercise of ordinary care could have discovered, the hazardous condition, and then fails to use reasonable care to eliminate it. The owner or occupier of land is liable in damages to invitees for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe.

The present petition does not charge that either the defendant or its employees placed this alleged slippery substance (boiled particles of peanuts and hulls) upon the stairway nor does the petition set forth that the defendant had actual notice of the presence of these foreign particles upon the steps.

Mere defects in the maintenance of the premises must be shown to have existed for such a length of time or under such circumstances as to put the owner of the premises on actual or constructive notice. *Lupion v. Blass,* 101 Ga. App. 264 (113 SE2d 413). Where there is no actual knowledge of the alleged defects and unsafe condition and nothing in the petition to show or indicate the necessity of making an inspection to ascertain the possible or probable existence of any defect, ordinary diligence does not require an inspection, since the defendant has no reason to feel such would be necessary. *Cuthbert v. Schofield,* 35 Ga. App. 443 (133 SE 303); *McCrory Stores v. Ahern,* 65 Ga. App. 334, 340 (15 SE2d 797). One is not liable for negligence in failing to discover and remedy a danger which he could not have discovered by the exercise of ordinary care or which has not existed for sufficient time to charge him with the duty of discovering it. *Savannah East Side Corp. v. Robinson,* 102 Ga. App. 426 (116 SE2d 613); *Watson v. Citizens &c. Nat. Bank,* 103 Ga. App. 535 (120 SE2d 62); and see *Setzer's Super Stores of Ga. v. Higgins,* 104 Ga. App. 116 (121 SE2d 305).

The only possible facts in the petition which could be construed to charge constructive notice is found in paragraph 9 of the petition which charged that the tone and color of the steps, the inadequate lighting, and the right-angle construction of the

staircase were all known to the defendant and that the combination of these three facts charged the defendant with the duty of keeping the staircase free of foreign substances and materials and of making frequent and careful inspections of the staircase to insure that it would be in a safe condition for use of the invitees of the defendant.

If the lighting were inadequate, the plaintiff was guilty of contributory fault in proceeding down the stairway which was made hazardous by inadequate lights. The tone and color and right-angle construction of the staircase, we feel, would not be sufficient to raise the duty to make frequent inspections of the staircase. Arguendo, even if there had been a duty to make frequent inspections, the petition does not show that a frequent inspection would have revealed the presence of the slippery substance, for nothing appears to show the length of time the materials were on the stairs.

The petition is fatally defective for yet another reason. It is alleged that the staircase ". . . was not lighted sufficiently to enable your petitioner *or any other person* in the exercise of that degree of care and diligence usual or required in the circumstances to perceive the foreign particles upon the said steps . . ." (Emphasis added.) Under the circumstances alleged, both the plaintiff and the defendant are held by law to exercise the same degree of diligence. Thus it clearly and affirmatively appears from the petition that the defendant by the exercise of the required ordinary care could not have discovered the alleged slippery matter on the steps.

The trial judge properly sustained the general demurrer.

*Judgment affirmed. Carlisle, P. J., and Hall, J., concur.*