43641. BAZEMORE, by Next Friend v. BURNET et al.
43642, 43643. BAZEMORE v. BURNET et al. (two cases).

SUBMITTED MAY 7, 1968—DECIDED JUNE 6, 1968.

*Friedman, Haslam & Weiner, Edwin A. Friedman,* for appellants.

*Bennett, Pedrick & Bennett, Larry E. Pedrick, John W. Bennett,* for appellees.

BELL, Presiding Judge. In the arguments of counsel, the defect existing in the premises because the gas pipe in the kitchen was left unplugged was treated as a latent defect. The petitions authorize the inference that the defect was a latent one. If the petitions had affirmatively shown that that condition amounted to a patent defect, recovery would be precluded since a landlord is not liable for injuries to a tenant resulting from a defect existing at the inception of the lease, where the tenant had means of knowledge equal to those of the landlord. *Waddell v. Wofford Oil Co.*, 84 Ga. App. 617 (1) (66 SE2d 806); *Golf Club Co. v. Rothstein*, 97 Ga. App. 128, 130 (102 SE2d 654), aff'd 214 Ga. 187.

A landlord is liable for injuries to a tenant for failure to repair a latent defect before leasing the premises only if the landlord had knowledge of the defect. *Elijah A. Brown Co. v. Wilson*, 191 Ga. 750 (13 SE2d 779). Liability of the landlord's agent undertaking complete control and management of the premises likewise must be predicated on knowledge of the defect. The requisite knowledge may be constructive as well as actual, for the landlord or the agent charged with the duty to repair cannot exempt himself from responsibility merely by remaining ignorant of the facts out of which his duty arises. Id., p. 751.

We think the petitions were not sufficient to state causes of action under the rules of procedure controlling prior to the effective date of the Civil Practice Act. Ga. L. 1966, p. 609, as amended by Ga. L. 1967, p. 226 (*Code Ann. Title* 81A). This is true because under the principles of construction then applicable, the petitions failed to allege either actual or constructive knowledge by defendants. See: *Central of Ga. R. Co. v. Tapley*, 145 Ga. 792 (2) (89 SE 841); *Homburger v. Homburger*, 213 Ga. 344, 347 (99 SE2d 213); *Whaley v. Holt*, 110 Ga. App. 228, 230 (138 SE2d 196); *Spires v. Fitzsimmons*, 106 Ga. App. 22, 23 (126 SE2d 244).

However, the Supreme Court has held that the Civil Practice Act may be applied on appeal in reviewing a judgment of the trial court rendered under the former procedure in cases filed prior to the effective date of the Act. *Hill v. Willis*, 224 Ga. 263, 264 (1). Thus we shall apply the Civil Practice Act here notwithstanding that it will work a reversal of a judgment which

was correct when rendered. See *City of Valdosta v. Singleton*, 197 Ga. 194, 208 (28 SE2d 759); *Fulton County v. Spratlin*, 210 Ga. 447 (2) (80 SE2d 780).

Under the new procedure a complaint must give a defendant notice of the claim in sufficiently clear terms to enable him to frame a responsive pleading. United States Guarantee Co. v. Mountaineer Engineering Co., 12 F. R. D. 520, 522. But it need only state a claim, and does not have to allege facts sufficient to set forth a cause of action. Bach v. Quigan, 5 F.R.D. 34, 35; Smith v. Cushman Motor Works, 8 F.R.D. 221, 222; Re v. Fullop, 22 F.R.D. 52, 55. The complaint should be construed in the light most favorable to plaintiff with all doubts resolved in his favor; he is entitled to the most favorable inferences that can reasonably be drawn from the complaint, even if contrary inferences are also possible. *Harper v. DeFreitas*, 117 Ga. App. 236, 238 (160 SE2d 260). A complaint which contains alternative statements of the claim will not be dismissed if any one alternative statement supports the claim. *Code Ann.* § 81A-108 (e) (2). Under the notice system of pleading the ancient distinction between pleading "facts" and "conclusions" is no longer significant; the question is simply whether there is "a short and plain statement of the claim" as required by *Code Ann.* § 81A-108 (a). Oil, Chemical &c. Union v. Delta Refining Co., 277 F2d 694, 697; 2A Moore's Federal Practice, (2d Ed.) p. 1698. "Malice, intent, knowledge and other condition of mind of a person may be averred generally." *Code Ann.* § 81A-109 (b).

The allegation contained in the petitions here that defendants "knew or in the exercise of ordinary care should have known" was sufficient to impute to defendants the requisite knowledge of the unplugged gas line. The petitions being ample to state claims under the Civil Practice Act, the judgments of the trial court sustaining defendants' general demurrers will be reversed.

*Judgments reversed. Hall and Quillian, JJ., concur.*