ELIJAH A. BROWN COMPANY *v.* WILSON.

No. 13527. MARCH 13, 1941. ADHERED TO ON REHEARING, MARCH 29, 1941.

*Elijah A. Brown, G. N. Bynum,* and *Carl B. Copeland,* for plaintiff in error. *Robert B. Blackburn,* contra.

REID, Chief Justice. This case involved the liability of a landlord for personal injuries to an invitee of his tenant, caused by a defect in the rented premises which existed at the time of the lease. The allegations of the petition in reference to the defect were that "the flooring was rotten and decayed, and the sills supporting the flooring because of long use had become decayed." It was alleged that by reason of this defective condition "a plank comprising a part of the flooring . . gave way under the tread and weight of petitioner." In the lower court certain demurrers to the petition as once amended were sustained, with leave to further amend within thirty days, in default of which the action would stand dismissed. The plaintiff filed an amendment, but it was ruled insufficient to cure the defects specified by the demurrers, and the action was dismissed in accordance with the former judgment. The Court of Appeals reversed that judgment, holding in part that the amendment was adequate, and that the petition as thus amended was not subject to general demurrer. We granted certiorari.

The responsibility of a landlord in a case of the present character for failure to repair a latent defect in the premises before leasing it, under the Code, § 61-111, is not absolute, but it predicable only on his knowledge of the defect and the consequent necessity for

repairs. This knowledge may, of course, be constructive as well as actual; for the landlord can not, merely by remaining ignorant of the facts out of which his duty arises, exempt himself from responsibility. Accordingly, if the facts be such that by the exercise of ordinary care in the performance of his obligation to keep the premises in repair he ought to have known of a latent defect therein, he becomes answerable in damages to the tenant, or one entering under the authority of the tenant, for personal injuries sustained by reason of such defect. *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901 (38 S. E. 204); *Ross* v. *Jackson,* 123 *Ga.* 657, 659 (51 S. E. 578); *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (107 S. E. 563). Ordinary care in the fulfillment of the landlord's duty to keep the premises in repair does not, however, embrace an affirmative duty to make such an inspection of the premises as will disclose the existence of any and all latent defects which may actually exist therein. This would be but to place upon the landlord an absolute duty, not implicit in the statute, to rent premises free from latent defects. It follows that a proper application of the landlord's duty to keep the premises in repair does not, under any theory, result in making the landlord liable for a latent defect in the premises, simply because it existed at the time of the lease. What was said by the Court of Appeals in its decision contrary to the above-stated principles, and especially the headnote wherein it was ruled without qualification that if a person rightfully on the rented premises is injured by a latent defect in the premises which was in existence at the time of the lease, the landlord is liable therefor, is disapproved. In the present case it appears that the trial court expressly considered the matter of the landlord's knowledge of the defect in question, in respect to his liability for the injuries resulting therefrom to the plaintiff. The petition was assailed by a demurrer which was in substance that it failed to show sufficient notice of the defect by the defendant to impose liability on him therefor; and this was among the several demurrers that were sustained with leave to amend. The effect of the judgment sustaining this demurrer was to decide that the facts alleged did not show that by the exercise of ordinary care in the performance of his obligation to keep the premises in repair the landlord ought to have known of the defect in question. The plaintiff acquiesced in this ruling, thus crystallizing it into the fixed law of the case; and a careful

752

examination of the amendment will readily disclose that it did not, as pointed out by the dissenting opinion filed in the Court of Appeals, add a single new and material fact to the petition as it theretofore stood in respect to notice by the landlord of the alleged defective condition of the premises. The trial judge therefore properly dismissed the action in accordance with the judgment sustaining the demurrers, and the Court of Appeals erred in reversing that judgment.

*Judgment reversed. All the Justices concur.*