*Cheney, Assistant District Attorney,* for appellee.

## 50522. HALL v. COHNER et al.

DEEN, Presiding Judge.

1. It is well established that the party opposing a motion for summary judgment must be given the benefit of all reasonable doubt as to issues of fact. *Central Ga. Electric Membership Corp. v. Drake,* 128 Ga. App. 560 (197 SE2d 389). Where the evidence is silent as to some fact, although it be necessary to be proved to authorize a recovery, the question will remain for trial where such fact is not negated by the movant on a hearing of the summary judgment motion.

2. On November 2, 1970, the Feilers bought 33 lots, most of them containing housing units, for $36,000. Their intention was to remove the structures and use the land for other purposes. The purchase price represented land value only, the existing buildings being liabilities rather than assets. At the time of the purchase the house in question had been rented for $37.50 per month. The owners did not inspect the property, but continued relations with a rental agency which, about March, 1971, rented the house to a new tenant for the same price. On September 2, 1971, the plaintiff Hall, who had just sold a religious tract to the tenant, was injured because of a defective tread in the front steps which caused her to fall. The defendant owners in this action moved for summary judgment on the ground that, since the house had not been constructed by them and they had no notice of the defective stairs they were not liable for any injury resulting therefrom.

3. "A landlord is liable for injuries to his tenant arising from latent defects unknown to the tenant, existing at the time of the lease, provided the landlord actually knew, or in the exercise of ordinary care on his part might have known, of their existence." *Downs v. Powell,* 215 Ga. 62 (1) (108 SE2d 715). The same rule would apply to an invitee of the tenant. *Elijah Brown Co. v. Wilson,* 191 Ga. 750 (1) (13 SE2d 779); *Grimes v. Gano,*

111 Ga. App. 543 (2) (142 SE2d 413); *Oglesby v. Rutledge,* 67 Ga. App. 656 (1) (21 SE2d 497); *Weyman v. Maynard,* 24 Ga. App. 94 (2) (100 SE 25). The landlord is liable for latent defects where they could have been discovered by the exercise of reasonable diligence, "where the circumstances are such as to require that the landlord should have made an investigation which when made would have necessarily resulted in discovery of the defects." *King v. Investors' Mortgage & Loan Co.,* 51 Ga. App. 235 (1) (179 SE 910).

4. In the present case it does not clearly appear that it was a patent defect which caused the plaintiff's injury; she ascended the steps safely, did not notice any defect, and fell when her foot went through a stair tread. Nor is it possible from the record to ascertain whether the defect existed at the time the building was rented to the tenant in possession. The owner's affidavit establishes that he made no inspection. No person who might be assumed to have knowledge of the condition of the stairs, such as the rental agent, the tenant, or neighbors, deposed in the case. While we agree with the defendant that were it established that the defect developed after the rental date the owner would not be liable, there is not a scintilla of evidence to this effect, and the fact that the existing structures were considered to have no value in determining purchase price strongly suggests their dilapidated condition. Under these circumstances, it was error to grant the motion for summary judgment.

*Judgment reversed. Evans and Stolz, JJ., concur.*

ARGUED APRIL 9, 1975 — DECIDED APRIL 18, 1975.

*Billy E. Moore, Edward W. Szczepanski,* for appellant.

*Bouhan, Williams & Levy, James M. Thomas, Paul W. Painter, Jr.,* for appellee.