60646, 60647. CAMELLIA CORPORATION v. CORNELL; and
vice versa.

SOGNIER, Judge.

Appellee, Deborah Cornell, brought this action against her landlord, appellant Camellia Corporation, seeking damages for injuries caused by appellant's alleged negligence. Appellee alleged (1) common law negligence in the installation of cheap and dangerous glass in a door which closed by means of a coil spring; and (2) negligence per se in failing to install safety glazing material in accordance with Code Ann. § 92A-2004.

Appellee opened the back door to her apartment in order to replace a mop which she had just used in her apartment. While shaking the mop and replacing it, she braced the door open with her body. As appellee turned to go back into her apartment, the door closed suddenly, apparently as a result of the pull of the spring. Appellee extended her right arm to catch the door and it went through the glass pane in the door, shattering the pane and injuring her arm. The jury returned a verdict in her favor and Camellia Corporation appeals, contending that the court erred in certain charges and by not granting its motion for a directed verdict.

1. Appellant contends that the trial court erred in charging Code Ann. § 92A-2004. Code Ann. § 92A-2001 (b) provides:

"(b) 'Hazardous locations' means those glazed structures in residential, commercial and public buildings known as sliding glass doors, entrance doors or adjacent fixed glazed panels, which may cover or be mistaken for means of ingress or egress, storm doors, shower doors, or tub enclosures whether or not the glazing in such doors, panels or enclosures are transparent and all doors, windows and mirrors on public buses and trains."

Code Ann. § 92A-2004 provides: "It shall be unlawful, for use in the State of Georgia, to knowingly sell, fabricate, assemble, glaze, install or consent to be installed any product commonly known as a sliding glass door, entrance door, fixed glazed panel adjacent to an entrance door which may be mistaken for means of ingress or egress, storm door, shower door, tub enclosure or any other glazed structure for use in any hazardous locations, or any glazing material on any public bus or train, where said product, glazing material or glazed structure contains any glass or glazing product other than safety glazing material."

The door in question was wooden, with the lower portion (approximately three-sevenths of the total door) paneled in wood. The upper portion of the door (four-sevenths) consisted of three glass panels of equal size, each separated by wooden framing. We do not consider such a door a "glazed structure" as described in the statute so as to constitute a hazardous location, or to require special safety glazing material under the provisions of Code Ann. § 92A-2004. Although the door in question may be considered an "entrance door," a close reading of the statute leads us to the conclusion that the type of "glazed structure" envisioned by the legislature is one that is entirely or almost entirely constructed of glass and which a person may mistake for an unenclosed entrance or exit. Thus, charging the jury on the provisions of this section was unauthorized and prejudicial, and appellant's motion for a new trial should have been granted.

2. In considering the denial of appellant's motion for a directed verdict, we turn to the other allegations of negligence contained in her petition. Appellee alleged that the spring in the door was defective. The spring was installed by a prior tenant and was not maintained by the landlord, but was allowed to remain in place at the option of the tenant. Appellee was familiar with the spring on the door, had used it for several months and was not aware of any defect in the spring. The landlord, likewise, had no notice of any defect in the spring. Appellee also contends that the use of glass other than safety glazing material in her back door constituted negligence by appellant.

Neither maintenance of the coil spring, nor use of the non-safety glass, standing alone, would be sufficient to show negligence on the part of appellant. However, the combination of both the coil spring and the glass in the door may be sufficient to show that by the exercise of ordinary care appellant would know, or should have known, that such a combination would present a danger to appellee. See *Moody v. Southland Invest. Corp.,* 126 Ga. App. 225, 234 (190 SE2d 578) (1972). The evidence showed that appellant, as landlord, had superior knowledge of the type of glass in the door and the potential for danger because of the spring attached to the door. We conclude that under the circumstances of this case, the jury might properly have found that the door contained a latent defect of which appellee had no notice, and about which the landlord knew or should have known. *McGee v. Hardacre,* 27 Ga. App. 106 (1) (107 SE 563) (1921); *Wilson v. Elijah A. Brown Co.,* 62 Ga. App. 898, 900 (10 SE2d 219) (1940); revd. on other grounds, *Elijah A. Brown Co. v. Wilson,* 191 Ga. 750 (13 SE2d 779) (1941); *Country Club Aparts. v. Scott,* 154 Ga. App 217, 219 (267 SE2d 811) (1980). Thus, it was not error for the trial court to deny appellant's motion for a directed verdict.

3. In view of our decision in Division 1, it is not necessary to discuss appellant's other enumerations of error.

4. Cornell filed a cross-appeal from the trial court's denial of her motion to amend the judgment to reflect the increased interest rate on judgments which took effect on July 1, 1980. Code Ann. § 57-108. Because this case must be returned to the trial court for a new trial, it is not necessary to decide this issue.

*Judgment reversed in Case No. 60646. Judgment affirmed in Case No. 60647. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 23, 1978 —

*W. G. Scrantom, Jr., Max R. McGlamry,* for appellant.
*Douglas L. Breault,* for appellee.