### 62662. MILLS v. BONANZA INTERNATIONAL CORPORATION et al.

DEEN, Presiding Judge.

Ralph Mills brings this appeal from the grant of summary judgment in favor of Bonanza International, Inc. *Held:*

Mills brought suit against Bonanza and its franchisee, Maxwell, for injuries alleged to have been sustained on the premises of a Bonanza Restaurant after a gust of wind caused a door to slam shut breaking appellant's ankle. Bonanza contends that it was a landlord out of possession, owed no duty to appellant and had no notice of any defect in the leased premises. Bonanza's motion for summary judgment was supported by the affidavit of Charles Brewer, associate counsel for Bonanza, and copies of the lease and franchise agreement.

Under Code Ann. § 61-112, "[t]he landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligence or illegal use of the premises; but he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair." However, " '[w]here the lessee has exclusive control of the premises, the lessor has no duty to inspect or any liability for defective construction or installation not made under his direction. [Cits.]' " *Gray v. Delta Air Lines,* 127 Ga. App. 45, 46 (192 SE2d 521) (1972).

The lease agreement shows that Bonanza granted the entire leasehold to Maxwell, that the tenant acknowledged inspection of the building and improvements and that they were in good and satisfactory condition, that the tenant agreed to occupy one hundred percent of the space in the building during the term of the lease, that the tenant was to pay taxes on the property, that he was to repair and maintain the premises, fixtures and improvements in good order and

that he was to maintain insurance on the property. Appellant's contention that the lease provisions allowing Bonanza right of entry and inspection are inconsistent with full surrender of possession is without merit. "[T]he lessor's retention of the right to enter, inspect and repair is not inconsistent with a full surrender of possession to the lessee. See *Leonard v. Fulton Nat. Bank,* 86 Ga. App. 635 (72 SE2d 93). The same is true of the requirement that the lessee submit to the lessor plans for any improvements he wishes to make. Where the lessee has exclusive control of the premises, the lessor has no duty to inspect or any liability for defective construction or installation not made under his direction. [Cits.]" *Horton v. Ammons,* 125 Ga. App. 69, 70 (186 SE2d 469) (1971).

In the instant case, the appellant has not shown any negligence in the construction of the premises. Brewer's affidavit placed evidence before the court showing that the premises and the door closing mechanism were inspected both after construction and immediately prior to the execution of the lease with Maxwell and that no problem with the door was found on either occasion. Mills offered no evidence to pierce the affidavit and there is no evidence that Bonanza had notice of the defect that would cause it to incur liability. *Howell Gas of Athens v. Coile,* 112 Ga. App. 732 (146 SE2d 145) (1965).

Accordingly, we find that the trial court did not err in granting summary judgment in favor of Bonanza.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 20, 1981.

*W. C. Brooks, Arthur L. Myers, Jr.,* for appellant.
*Edwin A. Tate, Michael T. Bennett,* for appellees.