## 37439. CORNELL v. CAMELLIA CORPORATION.

CLARKE, Justice.

We granted certiorari to consider the Court of Appeals' holding that glass installed in the upper portion of a door, the lower portion of which is wooden, is not required to be safety glazed materials under Ga. Code Ann. Chapter 92A-20. *Camellia Corp. v. Cornell,* 157 Ga. App. 625 (278 SE2d 168) (1981). We reverse.

Cornell, a tenant in an apartment building owned by Camellia Corporation, was injured when her arm went through a glass panel in the back door of her apartment. The door is wooden framed; the lower section is wood paneled and the top section is constructed with three glass panels. Each glass panel is approximately 13″ x 24″. There was evidence that the glass in this particular door was replaced in the summer of 1977 with a double-strength window glass. The testimony showed that this particular glass shatters upon impact and is not in the category of safety glasses or safety glazing materials.

1. In 1970, the legislature enacted Code Ann. § 92A-2001, et seq., to "prohibit the use, sale, fabrication, assembly, glazing, installation of products commonly known as sliding glass doors, entrance doors, fixed glazed panels, storm doors, shower doors, tub enclosures or other glazed structures for use in hazardous locations, or on any public bus or train unless they contain safety glazing material." Ga. L. 1970, p. 151. The door in question is an "entrance door" and does not contain "safety glazing material." The issue is whether it is a prohibited glazed structure in a hazardous location as defined by the statute.

The trial court charged the jury that it could find negligence per se if the defendant had violated Code Ann. § 92A-2004 in replacing the glass in the door in 1977. Section 92A-2004 provides:

"It shall be unlawful, for use in the State of Georgia, to knowingly sell, fabricate, assemble, glaze, install or consent to be installed any product commonly known as a sliding glass door, entrance door, fixed glazed panel adjacent to an entrance door which may be mistaken for means of ingress or egress, storm door, shower door, tub enclosure or any other glazed structure for use in any hazardous locations, or any glazing material on any public bus or train, where said product, glazing material or glazed structure contains any glass or glazing product other than safety glazing material."

The Court of Appeals reversed, holding the statute applied only to those "glazed structures" which may be mistaken for an entrance or exit. We cannot read such a limitation into the statute. Although the statute contains a reference to areas "which may be mistaken for a

means of ingress and egress," this reference modifies fixed glazed panels adjacent to an entrance door. It does not modify the phrase "entrance door." Indeed, it could not. It is not possible for anyone to mistake an entrance door for a means of ingress and egress because such a perception would be accurate and not a mistake. The statutory definition of "hazardous locations" deals with "those glazed structures in residential, commercial and public buildings known as sliding glass doors, entrance doors, or adjacent fixed glass panels, which may cover or be mistaken for means of ingress or egress, storm doors, shower doors, or tub enclosures whether or not the glazing in such doors, panels, or enclosures are transparent. . . ." Code Ann. § 92A-2001 (b). It is the opinion of this court that the clear meaning of the statute is to require safety glazing material when installing glass panels in an entrance door, as well as when installing sliding glass doors and glass panels, since entrance doors are in and of themselves a "hazardous location."

2. Camellia Corporation further argues that Code Ann. § 92A-2004 cannot apply on the ground that 15 USCA § 2051, et seq., regulating Consumer Product Safety and the rules on safety glass standards set forth in 16 CFR 1201, et seq., have preempted the field of safety glass standards. The Consumer Product Safety Act regulates the manufacturing, selling, distribution and importation of consumer products. It does not encompass installation which is the basis of this action. The regulations on safety glass in 15 CFR 1201, et seq., became effective July 6, 1977, see 15 CFR 1201.7, and there was no showing that the regulations were effective and applicable at the time the glass pane in the door was replaced. Furthermore, on examining the regulations we find they do not conflict with the Georgia statute in this case. The regulations require safety glazing materials of some type to be used in doors. 16 CFR 1201.1(a). It is undisputed that no safety glazing material was used in the back door of Mrs. Cornell's apartment.

3. Finally, the defendant contends that he did not knowingly violate the standard and knowledge as required by Code Ann. § 92A-2004. This law was adopted in 1970 in Georgia. Ga. L. 1970, p. 151. "Laws, after promulgation, are obligatory upon all inhabitants of this state, and ignorance of the law excuses no one." Code Ann. § 102-105. The fact that they did not know that the law required safety glazing material in such doors would not relieve them of this statutory duty.

4. The defendants also complain that the trial court committed reversible error in failing to charge proximate cause as it relates to negligence per se. We find no merit to this contention. There was no objection to the charge on this point at trial. Furthermore, the court

in its general charge instructed the jury that they must find that the negligence of the defendant was the proximate cause of the injury to the plaintiff.

5. We have also examined the remaining enumerations of error not addressed by the Court of Appeals because of that court's reversal on the issue of negligence per se and find them to be without merit.

The judgment of the Court of Appeals is reversed and the jury verdict in favor of the plaintiff is upheld.

*Judgment reversed. All the Justices concur, except Jordan, C. J., and Marshall, J., who dissent. Weltner, J., not participating.*

DECIDED OCTOBER 20, 1981 —
REHEARING DENIED NOVEMBER 12, 1981.

. *Billy E. Moore, J. Sherrod Taylor, Douglas L. Breault,* for appellant.
*W. G. Scrantom, Jr., Max R. McGlamry,* for appellee.