### 67210. DAVIS v. SMITH et al.

POPE, Judge.

On September 17, 1980 appellant Robert Davis was working as an independent contractor hired by the Kellwood Company to make sheet metal repairs upon its building, including an overhead hanging door mounted in the exterior wall of the building. Kellwood Company leased the building from appellee Barney S. Smith. Davis was injured when the overhead door upon which he was working suddenly fell upon him. This appeal comes from the trial court's grant of summary judgment to Smith.

OCGA § 44-7-14 (Code Ann. § 61-112) states that "[h]aving fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." " 'Where the lessee has exclusive control of the premises, the lessor has no duty to inspect or any liability for defective construction or installation not made under his direction. [Cits.]' " *Gray v. Delta Air Lines,* 127 Ga. App. 45, 46 (192 SE2d 521) (1972); *Mills v. Bonanza Intl. Corp.,* 160 Ga. App. 104 (286 SE2d 337) (1981).

The record shows that Smith purchased the building in question at a bankruptcy sale in 1972. The building was described as being at that time "practically brand new." Smith made a general, visual inspection of the premises on the day that he made the purchase. He found no defects. Shortly thereafter, Smith leased the premises to the Kellwood Company. The lease was renewed in 1976 and expired in 1979. However, Smith and Kellwood Company agreed that Kellwood Company would continue in possession of the premises on a tenancy-at-will basis. This relationship was in effect at the time Davis was injured. At no time during the period Kellwood Company was in possession of the property did Smith receive notice of any defect in the property, nor did Kellwood Company ever request that

Smith inspect the premises. The record before us indicates that Smith had fully parted with possession of the premises sometime in 1973 and had not regained possession as of the date of Davis' injury.

"The responsibility of a landlord in a case of the present character for failure to repair a latent defect in the premises before leasing it . . . is not absolute, but [is] predicable only on his knowledge of the defect and the consequent necessity for repairs." *Elijah A. Brown Co. v. Wilson,* 191 Ga. 750 (13 SE2d 779) (1941). "Ordinary care in the fulfillment of the landlord's duty to keep the premises in repair does not, however, embrace an affirmative duty to make such an inspection of the premises as will disclose the existence of any and all latent defects which may actually exist therein." Id. at 751.

The present case is clearly distinguishable from *Hall v. Cohner,* 134 Ga. App. 586 (215 SE2d 340) (1975). In *Hall,* the landlord had purchased a tract of land which included dilapidated rental houses; the new landlord intended to demolish the houses and use the land for other purposes. However, several months after purchase the landlord rented one of the houses to a new tenant; shortly thereafter an invitee of the tenant was injured because of a defective tread in the front steps which caused her to fall. The landlord never inspected the houses purchased, and this court reversed the summary judgment granted to the landlord. Here, Smith did make an inspection and found nothing amiss. So, too, is the present case distinguishable from *Camellia Corp. v. Cornell,* 157 Ga. App. 625 (2) (278 SE2d 168) (1981), rev'd on other grounds, 248 Ga. 449 (283 SE2d 264) (1981). In *Camellia Corp.,* the court held that a combination of factors could be sufficient to show negligence even though, standing alone, each factor would be insufficient to show negligence. In that case the court held that the landlord's superior knowledge that a coil spring had been installed on a door, coupled with the fact that non-safety glass was used in the door, gave rise to an action for negligence. We are not persuaded by Davis' argument in the case at bar that a latent defect existed because the overhead door operated by means of a metal chain, and no fail-safe system was installed to catch the door if one of the two chains holding the overhead door broke. Even accepting this premise for argument's sake, we cannot say that Smith, in the exercise of ordinary care, should have discerned the same. Such arguments are better suited to an action against the manufacturer; however, we express no opinion here regarding the merits of any such action. The judgment of the trial court is therefore correct.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1984.

*Richard E. Nettum, Michael A. Fennessy,* for appellant.
*Wallace Miller III, Cubbedge Snow III, Lawrence C. Walker, Jr.,* for appellees.