A90A2353. HARRIS et al. v. SLOAN.
(405 SE2d 68)

Cooper, Judge.

Appellants appeal the trial court's order granting appellee's motion for summary judgment.

Appellants, the tenants under written lease agreements in a duplex owned by appellee, lost their personal property when the duplex was destroyed by fire. None of the appellants had insurance coverage for their property. Appellee purchased the house in November 1988, at which time an FHA inspection was performed on the house, and appellee made the purchase subject to the existing leases of appellants. After the purchase, appellee, from time to time, exercised a limited right of access to the house which was granted in the leases for purposes of inspection and maintenance. Also, in February 1989, appellee was making repairs to the exterior of the house and in the process, removed some asbestos shingles from the east and west sides of the house exterior. Before the shingles could be replaced, the fire occurred in mid-February 1989. The east side of the duplex, which was occupied by two of the appellants, was heated by a convection floor furnace which was probably installed in the 1950s. It is undisputed that the fire originated from this furnace on the east side of the house. It is also undisputed that appellee was never notified by any of the tenants or any public or private inspector of any problems or defects in or with the furnace. There was no allegation made that the furnace failed to comply with applicable building codes and appellee made no changes or repairs to the furnace prior to the fire. Appellee submitted the affidavit of an expert who stated that it was his opinion that the fire was caused by a cushion or pillow that was left on top of the floor furnace grate, eventually igniting and spreading to the floor. Appellants submitted another expert's affidavit in which the expert opined that the fire did not begin from the ignition of combustible materials left on the grate, but that the type of furnace involved was "inherently dangerous" because the flow of air around the furnace causes a drying of the wood joists around the furnace. The expert determined that the use of the furnace caused the wood framing the

furnace to ignite and begin the fire. This expert further stated that the removal of the asbestos shingles from the exterior of the house caused the furnace to run longer than normal to heat the house and this continuous use resulted in the fire pursuant to the process just described. The trial court determined that since there was no question that appellee had not received notice of any defect with the furnace, then summary judgment for appellee should be granted, notwithstanding the experts' disagreement as to the conditions contributing to the cause of the fire. We agree and affirm.

1. In their first two enumerations of error, appellants assert that material issues of fact exist as to whether appellee was negligent in making repairs to the premises and whether appellee breached an implied warranty of habitability. OCGA § 44-7-13 states that a landlord must keep the premises in repair, and OCGA § 44-7-14 provides "[h]aving fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." Although it is undisputed that the fire originated with the furnace and that appellee had no notice or knowledge of any problem or defect with the furnace, appellants contend that appellee was negligent in removing the asbestos shingles from the exterior of the house because the furnace was thereby caused to run for more extended periods of time. Appellants admit that they also had no knowledge of any defect in the furnace. " 'The responsibility of a landlord in a case of the present character for failure to repair a latent defect in the premises . . . is not absolute, but (is) predicable only on his knowledge of the defect and the consequent necessity for repairs.' [Cit.]" *Davis v. Smith*, 169 Ga. App. 635, 636 (314 SE2d 471) (1984). In the recent case of *Hall v. Thompson*, 193 Ga. App. 574 (1) (388 SE2d 381) (1989), we stated that although ordinarily questions of negligence do not lend themselves to summary adjudication, "nevertheless the classic rules of negligence still apply in this state. These rules impose liability only where the landlord has actual or constructive superior knowledge. . . . To say otherwise would be to . . . impose absolute liability upon landlords for all defective conditions which could have been repaired before the injury." Appellee had no notice of any problem with the furnace, nor did he fail to exercise reasonable care to discern any defect. Although appellee did not personally inspect the furnace prior to purchasing the house, an FHA inspection was performed. In any event, " '[o]rdinary care in the fulfillment of the landlord's duty to keep the premises in repair does not, however, embrace an affirmative duty to make such an inspection of the premises as will disclose the existence of any and all latent

defects which may actually exist therein.' [Cit.]" *Davis*, supra at 636. We also determine that appellee cannot be considered to be on notice of an increased risk of a furnace malfunction because of his removal of the exterior shingles. Although the shingles had not been replaced, appellee, having no actual knowledge of any furnace problem, cannot be charged with notice that the removal of the shingles may have created a hazard with the furnace. Even appellants' expert stated that the furnace itself was the problem, and that the shingle removal exacerbated the inherent problem in the furnace. There being no evidence from which the jury could find that appellee had any notice of a defective furnace, summary judgment was appropriate. See *Johnson v. Fowler Electric Co.*, 157 Ga. App. 319 (1) (277 SE2d 312) (1981); *Dempsey v. Smith*, 108 Ga. App. 88, 89 (132 SE2d 233) (1963).

As support for their claim of a breach of warranty, appellants cite the case of *Thompson v. Crownover*, 259 Ga. 126 (377 SE2d 660) (1989). *Thompson* is not applicable to the instant case because the landlord in Thompson had clear notice of the hazardous condition which was so extreme that the public housing inspector had informed the landlord that the property was " 'unsafe for human occupancy and constitute(d a) hazard to (the) health and safety of (the) occupants.' " *Thompson*, supra at 126-127. There is no such allegation by the appellants herein; in fact, the appellants stated that they had no problems with the furnace, the utilities or the appliances in the house. The appellants have made no case for a breach of implied warranty of habitability.

2. Appellants contend, in their third enumeration of error, that a material issue of fact exists as to the landlord's duty to inspect and repair the premises. Appellants argue that since appellee exercised his limited right to enter the property, he retained possession of the property and would be liable for a failure to exercise ordinary and reasonable care to discover any defect. First, as we stated in Division 1, we do not believe that appellee failed to exercise reasonable care to discern any defect with the furnace. Second, we have previously held that retention of "the right to enter the leased premises . . . for landlord-related purposes does not evidence such dominion and control of the premises so as to vitiate appellee's limited liability under [OCGA § 44-7-14]. . . ." *Godwin v. Olshan*, 161 Ga. App. 35, 36 (2) (288 SE2d 850) (1982).

3. In view of our decision that summary judgment was appropriate due to the lack of notice to appellee, it is unnecessary to reach appellants' fourth enumeration based upon the validity of the exculpatory clauses in the lease.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

Decided March 5, 1991 —
Rehearing denied March 27, 1991 —

*Daniel K. McCall, Charles L. Weltner, Jr.,* for appellants.
*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., H. Clifton Cobb,* for appellee.