A94A1810. LONARD v. COOPER & SUGRUE PROPERTIES, INC.
(449 SE2d 348)

ANDREWS, Judge.

While raking leaves from a mobile home lot she rented from Cooper & Sugrue Properties, Inc., Lonard stepped into a hole covered up by leaves and fell, sustaining injuries to her wrist. She brought this action for damages claiming that Cooper & Sugrue failed to exercise ordinary care to keep the property in a safe condition. Lonard appeals from the trial court's grant of summary judgment in favor of Cooper & Sugrue.

Lonard testified that she could not see the hole before she stepped into it because it was covered up by leaves which had fallen from trees on the wooded lot. After she fell, Lonard discovered that the hole was one in a line of similar square holes four to five inches wide, all of which were covered with leaves. According to evidence presented by Lonard, the holes contained remains of broken wooden

fence posts which had been removed from the property.[1] Lonard testified that no such fence posts were on the lot or removed from the lot during the time she occupied the premises. A Cooper & Sugrue representative testified that he did not remember any such fence on the property or the removal of any such fence from the property. There was evidence that the property had been owned by Cooper & Sugrue as a partnership since 1983 and as a corporation since 1990. The accident at issue occurred in June 1990. There was no evidence that any of the parties had any actual knowledge of the existence of the fence post holes on the property. Accordingly, the record on summary judgment supports the conclusion that the hole at issue had existed undetected on the lot since Cooper & Sugrue acquired the property in 1983.

"It has often been held that the true basis for a landlord's liability to a tenant for injuries resulting from a defective or hazardous condition existing on the premises is the landlord's superior knowledge of the condition and of the danger resulting from it. [Cits.] This is merely a manifestation of the general rule regarding the liability of proprietors for injuries to invitees occurring on the premises. [Cits.]" *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204, 205 (316 SE2d 770) (1984). In this case, the covered hole was a latent hazard of which the parties had no actual knowledge. A landlord may be held liable for injuries caused by failure to repair or remove a latent defect in the premises before leasing it if the landlord knew or, in the exercise of ordinary care, should have known of the defect. *Elijah A. Brown Co. v. Wilson*, 191 Ga. 750, 751 (13 SE2d 779) (1941).[2] In other words, the landlord's liability may be predicated on constructive as well as actual knowledge.

In the absence of any evidence that Cooper & Sugrue had any actual knowledge of the hazard, Lonard's cause of action must be predicated on the claim that Cooper & Sugrue had superior constructive knowledge of the hazard. In general, there are two classes of cases supporting claims that a defendant had constructive knowledge of a defect. The first class involves a claim that the defendant had a duty to exercise reasonable care to inspect and keep the premises safe and that the defect had existed for a sufficient period of time to afford the defendant a reasonable opportunity to conduct such an inspection

---

[1] Although there was testimony from one of Lonard's neighbors that Cooper & Sugrue removed a fence from Lonard's lot after she moved in, this fence was constructed with angled iron posts which could be driven into the ground with a hammer. The trial court correctly concluded that the removal of this fence did not create the fence post hole which Lonard stepped into.

[2] We do not deal here with a landlord's liability for defective construction where the structure was built by the landlord in person or under the landlord's supervision or direction. See *Flagler Co. v. Savage*, 258 Ga. 335, 337 (368 SE2d 504) (1988).

and discover and remove the defect. The second class does not require any showing that the defect had existed for a sufficient length of time, but involves a claim that an employee of the defendant was in the immediate area of the hazard and had the means and opportunity to have easily seen and removed the hazard. *Banks v. Colonial Stores,* 117 Ga. App. 581, 584-585 (161 SE2d 366) (1968); *Mitchell v. Food Giant,* 176 Ga. App. 705, 708-709 (337 SE2d 353) (1985).

There was evidence that an employee of Cooper & Sugrue made a visual inspection of the lot on the day Lonard occupied it and that, at Lonard's request, another employee graded an uneven portion of the lot and delivered top soil for a garden in areas away from the area where Lonard fell. Neither of these employees saw any hazardous condition of the property. There is no evidence in the record which could support a claim that a Cooper & Sugrue employee had the means and opportunity to have easily seen and removed the latent hazard on the lot.

Although the record shows that Cooper & Sugrue conducted a general visual inspection of the lot at the time Lonard took possession, the inspection was not sufficient to discover the fence post hole covered by leaves. The mere presence of leaves on the heavily wooded lot provided no indication of the hazard. There is no evidence that prior to Lonard's fall, anyone had ever tripped or fallen in the area of the hazard. Even if we construe the record to show that this hazard had existed on the property since Cooper & Sugrue acquired it in 1983, there is no evidence to support a claim that Cooper & Sugrue failed to exercise ordinary care in inspecting the property and keeping it in good repair.

"Ordinary care in the fulfillment of the landlord's duty to keep the premises in repair does not . . . embrace an affirmative duty to make such an inspection of the premises as will disclose the existence of any and all latent defects which may actually exist therein. This would be but to place upon the landlord an absolute duty . . . to rend premises free from latent defects. It follows that a proper application of the landlord's duty to keep the premises in repair does not, under any theory, result in making the landlord liable for a latent defect in the premises, simply because it existed at the time of the lease." *Elijah A. Brown Co.,* supra at 751. "[T]here exists no absolute duty of inspection upon a landlord to discover defects in the premises prior to leasing them, for the reason that ordinary diligence, which is the measure of the duty imposed upon the landlord in such case, does not require an inspection where the landlord has no reason to think an inspection is necessary." *Spires v. Fitzsimmons,* 106 Ga. App. 22, 23-24 (126 SE2d 244) (1962); *Horton v. Ammons,* 125 Ga. App. 69, 7

(186 SE2d 469) (1971).[3] "What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the [premises] safe as a good business . . . is in such matters accustomed to use." (Citations and punctuation omitted.) *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334, 340 (15 SE2d 797) (1941). To conclude under the facts of this case that Cooper & Sugrue had an absolute duty to conduct an inspection of the property sufficient to discover the fence post hole would be to demand the exercise of an extraordinary degree of diligence. "Thus, where, as here, there was no actual knowledge of the alleged dangerous and unsafe condition, and there is nothing in the [record] to show or indicate the propriety or necessity of making an inspection to ascertain the possible or probable existence of any defect, such as that other people had tripped or fallen [under similar circumstances or in the same area], ordinary diligence did not as a matter of law, under the facts [as shown], require an inspection [sufficient to reveal the defect] where the defendant had no reason to think [such] an inspection was necessary." Id. at 340.

Accordingly, there was no evidence to support Lonard's claim that Cooper & Sugrue had superior constructive knowledge of the hazard on the basis that an employee of the defendant could have easily seen and removed it or because Cooper & Sugrue failed to conduct an inspection of the property sufficient to have revealed the hazard. *Hughes v. Winn-Dixie Stores*, 142 Ga. App. 110, 111 (235 SE2d 519) (1977); *Cox v. K-Mart &c.*, 143 Ga. App. 30, 34 (237 SE2d 432) (1977); *Davis v. Smith*, 169 Ga. App. 635, 636 (314 SE2d 471) (1984); see *Harris v. Sloan*, 199 Ga. App. 340, 341-342 (405 SE2d 68) (1991). In the absence of any evidence that Cooper & Sugrue had superior actual or constructive knowledge of the hazard, the trial court properly granted summary judgment against Lonard. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991).[4]

---

[3] The landlord's duty to inspect for defects in this case pertains to the period prior to the lease of the premises. As to the duty to inspect for defects in the premises which may arise during the term of the lease, "[a] tenant is entitled to exclusive occupancy during the term of the tenancy, and it is [the tenant's] duty, if the premises get out of repair, to notify the landlord of their defective condition. [Unless otherwise agreed,] [t]he landlord is under no duty to inspect the premises while the tenant is in possession in order to keep informed as to their condition." *Ross v. Jackson*, 123 Ga. 657, 658 (51 SE 578) (1905); compare *Thompson v. Crownover*, 259 Ga. 126, 128-129 (381 SE2d 283) (1989) (liability of landlord for failure to repair conditions existing before or arising after the tenant has taken possession of the premises which violate housing codes); *Maloof v. Blackmon*, 105 Ga. App. 207, 208 (124 SE2d 441) (1962) (owner has duty under OCGA § 51-3-1 to keep safe portions of the leased premises designated for common use of all tenants and in which the owner has reserved a qualified right of possession).

[4] Lonard also contends the trial court erroneously failed to unseal and consider certain deposition testimony in ruling on the motion for summary judgment. Although the trial court's order granting summary judgment indicates the entire record and all depositions were

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 18, 1994.

Dozier, Akin, Lee & Graham, Neal B. Graham, for appellant.
Jones, Cork & Miller, Brandon A. Oren, Rufus D. Sams III,
James I. Warren III, for appellee.

considered, the court entered another order a few days after granting summary judgmen
directing that certain depositions on file be unsealed and transmitted with the record o
appeal. Despite the date of the order to unseal the depositions, there is other evidence in th
record indicating that the trial court did in fact review the depositions prior to renderin
summary judgment, so the record is unclear. In any event, "[e]ven if the record clear
show[ed] that a deposition was not considered below, it may be considered on appellate r
view of a ruling on a motion for summary judgment to determine whether the facts of th
case create an issue of material fact for determination below." *Taylor v. Schander*, 207 G
App. 627, 628 (428 SE2d 806) (1993). Upon review of all the depositions in the record, w
conclude no issue of material fact is created by the deposition testimony. *Id.*