A98A0116. DAVIS v. ALL-STATE HOMES & PROPERTIES et al.
(503 SE2d 331)

Judge Harold R. Banke.

Libby Davis sued All-State Homes & Properties d/b/a Century 21 Allstate ("All-State"), Cliff Joyner, and Oliver Moran, to recover for personal injuries allegedly sustained when her leg plunged through some rotten flooring in the trailer she rented from All-State. Davis appeals the summary judgment awarded to the defendants.[1]

When construed in a light most favorable to Davis, the evidence shows that in late August, just before Davis moved into the trailer, All-State had to install some new flooring in the laundry room due to a water leak from the air conditioner unit. On September 7, Davis informed Dave Ragan, the co-owner, that the air conditioner unit was leaking and wetting the floor nearby. Ragan instructed her to prepare a written list of problems and give it to his repairman, Oliver Moran. On September 9, two days later, a broken water line squirted out water, flooding the carpet in her son's room. When Moran fixed

---

[1] Only All-State responded to the instant appeal.

the water line on the hot water heater located inside her son's closet, Davis noticed that the closet floor was rotten but could not see the state of the floor underneath the wet carpeting. At that time, Davis told Moran that part of the floor in the laundry room was wet and sagging. Despite reassuring Davis that he would be back later to fix the remaining problems, Moran did not return until after Davis fell. Ten days later, as Davis was walking across the kitchen toward her son's room, the kitchen floor suddenly gave way.

It is undisputed that the flooring of this older trailer was made of particle board. Moran claimed that when he repaired the water heater he checked the kitchen floor and that it "seemed to be in a stable condition." Moran testified that a few weeks earlier, he had used particle board to repair some rotten woodwork at the trailer's back door. All-State claimed it could not be held responsible because it lacked actual or constructive knowledge of the "latent defect." Davis appeals the summary judgment awarded to All-State. *Held*:

Davis contends that summary judgment was precluded by evidence of material disputed facts. "A landlord (should be) subject to liability for physical harm caused to the tenant . . . by a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of: (1) an implied warranty of habitability; or (2) a duty created by statute. . . ." *Thompson v. Crownover*, 259 Ga. 126, 129 (3) (381 SE2d 283) (1989).

By law, a landlord has a duty to "keep the premises in repair." OCGA § 44-7-13. Where a landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order to make such repairs as the safety of the tenant requires. *Mathis v. Gazan*, 51 Ga. App. 805, 806 (181 SE 503) (1935). If, after such notice of the defects, he fails to make the requisite repairs within a reasonable time, he is chargeable with notice of all defects which a proper inspection would have disclosed. See id. Moreover, " 'once a landlord has notice of a defect, such as a leak, he is deemed to have constructive knowledge of all other defects which would have been discovered in repairing the first defect.' [Cits.]" *Carpet Central v. Johnson*, 222 Ga. App. 26, 27 (1) (473 SE2d 569) (1996).

At issue here is whether All-State failed to exercise reasonable care in making repairs and whether a proper inspection would have disclosed the full extent of the defective condition of the floor and whether the delay in instituting repairs was reasonable. See id.; *Thompson*, 259 Ga. at 129. Davis testified, without contradiction, that within two weeks after moving in, she experienced two water problems, one with the same air conditioner whose leaking had rotted out the floor and another one with the water heater. She claimed

that she had reported both leaks to her landlord. According to Davis, the location of the water leak from the hot water heater in her son's closet was two or three feet from where she fell through the kitchen floor. A licensed civil engineer, James Roberts, examined the structural integrity of the floor from the underside of the trailer. In Roberts' professional opinion, leaking water from the air conditioning unit and/or the hot water heater caused a "disintegration in the flooring" where Davis fell. Roberts explained that "water dripping onto particle board and standing for a period of time or constantly penetrating the board will disintegrate the glue that holds the wood particles together." According to Roberts, such particle board will then fail due to a lack of strength and depletion.

Moran's assertion that the kitchen floor seemed stable is not dispositive of the issue as to whether, in fact, a "proper inspection" had been performed. See *Carpet Central*, 222 Ga. App. at 27 (1). All-State offered no evidence that Moran or anyone else examined the underside of the trailer despite knowing the entire floor was comprised of particle board and despite knowing that a previous leak had rotted some flooring. Since a prior water leak from the same air conditioner unit destroyed part of the particle board flooring, whether All-State knew or should have known about the latent hazardous condition of the floor's integrity raises a jury issue. *Carpet Central*, 222 Ga. App. at 27 (1); see *Harris v. Sloan*, 199 Ga. App. 340, 341 (1) (405 SE2d 68) (1991) (landlord's liability for latent defect predicated on landlord's knowledge of defect).

Nor can it be said as a matter of law that Davis had knowledge of what All-State termed a "latent defect." Compare *Taylor v. Boyce*, 105 Ga. App. 434 (2) (124 SE2d 647) (1962) (tenant who knew about patently unsafe condition of rotten back porch could not recover for landlord's failure to repair). Davis testified that she did not notice any sagging in her kitchen floor before her leg went through the floor. In these circumstances, we cannot say that All-State fulfilled its legal duties to properly inspect and to make repairs within a reasonable time after having notice of the problems. OCGA §§ 44-7-13; 44-7-2 (b) (2). Accordingly, summary judgment must be reversed.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 23, 1998.

*J. O'Quinn Lindsey*, for appellant.
*Jones, Cork & Miller, Wendell K. Howell, Rufus D. Sams III*, for appellees.