### A02A1719. HAYNES v. KINGSTOWN PROPERTIES, INC.
(578 SE2d 898)

RUFFIN, Presiding Judge.

Rochene Terrie Haynes sued Kingstown Properties, Inc. ("Kingstown") for injuries he allegedly sustained in a fire at a Kingstown apartment complex in Savannah. The trial court granted Kingstown's motion for summary judgment, and Haynes appeals. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.[1] On appeal, we review the grant of summary judgment de novo, construing the evidence and all inferences in the light most favorable to the nonmoving party.[2]

Viewed in this light, the record shows that Haynes' girlfriend, Chiffon Myers, leased an apartment from Kingstown on July 2, 1999. Haynes and Myers moved into the apartment three days later, after walking through the residence with a Kingstown representative. Although Haynes was not a party to the lease agreement, Kingstown knew that he was living with Myers.

On January 29, 2000, Haynes and Myers were cooking dinner in the apartment. As Myers prepared french fries on the stove top, a fire erupted from the burner. Haynes was injured while trying to extinguish the flames.

Louis McClendon, the chief investigator for Savannah's Bureau of Fire and Emergency Services, investigated the fire. In a November 3, 2001 affidavit, McClendon explained his findings as follows:

> During [my] investigation [of Myers' apartment on February 25, 2000], I examined the Hotpoint brand electric stove. The

---

[1] See *Villareal v. TGM Eagle's Pointe*, 249 Ga. App. 147 (547 SE2d 351) (2001).
[2] See id.

electric stove did not have . . . drip pans underneath any of the burners. It is my opinion within a reasonable degree of certainty that the drip pans had been missing for a long time. It is my opinion within a reasonable degree of certainty that the lack of drip pans underneath the burners on the stove was the cause of the [apartment] fire.

According to Kingstown's property manager, the company required its maintenance team to replace all drip pans on an apartment stove before a new resident moved into the apartment. Although the property manager did not know whether Myers' stove had drip pans on the date of the fire, she testified that "there were drip pans in [Myers'] unit while it was vacant." The record also shows that Kingstown maintenance worker Darnell Singleton entered Myers' apartment two days after the fire. Singleton testified that he inspected the stove that day and noted that each burner had a drip pan.

Haynes sued Kingstown, alleging that the company negligently failed to repair the stove, which was defective because it lacked drip pans at the time of the fire. In its motion for summary judgment, Kingstown argued that it did not have notice of this alleged defect. The trial court agreed and granted the motion. We find no error.

Under Georgia law, a landlord is liable for damages resulting from its failure to keep rented premises in repair.[3] The landlord, however, "is not an insurer of its tenants' safety," and liability only attaches upon a showing of notice.[4] Accordingly, "if [the] landlord receives notice that the premises are not in repair, it has a duty to inspect and investigate in order to make such repairs as the safety of the tenant requires."[5] This duty extends not only to tenants, but to those invited onto the leased property by a tenant.[6] Kingstown, therefore, is liable to Haynes for damages caused by its failure to exercise reasonable care in repairing a *known* dangerous condition.[7] The required knowledge can be actual or constructive.[8]

Haynes argues that questions of fact remain as to whether the stove had drip pans at the time of the fire. Although Singleton testified that he saw drip pans on the stove two days after the fire, Haynes contends that McClendon's affidavit raises factual questions regarding the drip pans and the dangerous condition created by their

[3] See OCGA §§ 44-7-13; 44-7-14.
[4] (Punctuation omitted.) *Villareal*, supra at 148.
[5] (Punctuation omitted.) Id.
[6] See *Hohnerlein v. Thomas*, 186 Ga. App. 282-283 (367 SE2d 95) (1988).
[7] See id.; *Phillips v. King*, 214 Ga. App. 712, 713-714 (448 SE2d 780) (1994).
[8] See *Lonard v. Cooper & Sugrue Properties*, 214 Ga. App. 862, 863 (449 SE2d 348) (1994).

absence. Even assuming that this alleged defect existed and caused the fire, we agree with the trial court that Kingstown lacked notice of the condition.

Kingstown required its maintenance team to replace the stove's drip pans before Haynes and Myers moved into the apartment. Haynes has offered no evidence that this practice was not followed or that the drip pans were missing when he and Myers took possession. In fact, Kingstown's property manager testified that the stove had drip pans before they moved into the residence. And the record shows that Haynes and Myers walked through the apartment prior to moving in, checking for defects. They listed several areas in the apartment that needed repair, but they did not note any problem in the kitchen.

According to McClendon, the drip pans were not present when he inspected the stove on February 25, 2000, and, in his opinion, "had been missing for a long time." That vague testimony, however, does not raise an inference that the drip pans were absent when Haynes and Myers moved into the apartment in July 1999.[9] Furthermore, Haynes admitted that "[n]either [he] nor Chiffon Myers ever gave any notice, written or oral, to [Kingstown] that the stove . . . was defective in any manner," and they did not ask Kingstown to inspect the stove.

In short, the record contains no evidence that the stove lacked drip pans when Haynes and Myers moved into the apartment, and it affirmatively shows that they never alerted Kingstown to a problem with the stove. Thus, there is no evidence from which a jury could reasonably conclude that Kingstown had actual or constructive knowledge of the alleged defect. It follows that the trial court properly granted Kingstown's motion for summary judgment.[10]

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED MARCH 7, 2003.

*Savage, Turner, Pinson & Karsman, Robert B. Turner, Ashleigh R. Madison*, for appellant.

*Christian J. Steinmetz III*, for appellee.

---

[9] See *Lovins v. Kroger Co.*, 236 Ga. App. 585, 586 (1) (a) (512 SE2d 2) (1999) ("[A]n inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility.").

[10] See *Villareal*, supra; *Lonard*, supra at 864-865; *Harris v. Sloan*, 199 Ga. App. 340, 341-342 (1) (405 SE2d 68) (1991); see also *Dyer v. Wight*, 163 Ga. App. 63, 64 (293 SE2d 723) (1982) ("A landlord has no duty to inspect the premises while a tenant is in possession.").