A07A1513. STELTER v. SIMPSON et al.
(655 SE2d 237)

ADAMS, Judge.

Camille Stelter appeals from the trial court's grant of summary judgment in her personal injury action against her daughter's landlords. We find no error and affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains

and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that Stelter was injured in September 2001 when she went down a set of brick steps behind her daughter's apartment and a step "just crumbled out from underneath" her feet. After the accident, a handyman told one of the landlords that the steps had been "chipped out" for "a while" "beforehand." The landlords had never occupied the premises themselves, and last inspected the property while showing it to one of the daughter's co-tenants in the fall of 2000. No tenant had ever notified the landlords that the steps were in disrepair.

OCGA § 44-7-14 provides that

[h]aving fully parted with possession and the right of possession, [a] landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by [a] tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

The only issue here is whether the landlords could be found to have had constructive notice of the steps' deteriorated condition, and thus to be liable for their "failure to keep the premises in repair."

Stelter has produced no competent evidence to support a finding that the landlords had constructive knowledge of the defect. First, opinion testimony raising merely a conjecture or possibility that a defect in a rented property has been present for some indefinite period does not create an inference that the landlord should have known of that defect. See *Haynes v. Kingstown Properties*, 260 Ga. App. 102 (578 SE2d 898) (2003) (expert's testimony that drip pans under stove where fire occurred had been missing for "a long time" was insufficient to show that they were not present seven months earlier). The handyman's report in this case fails to raise such an inference for the same reason, and it is also hearsay. See *Pope v. McWilliams*, 280 Ga. 741, 745 (3) (632 SE2d 640) (2006). Second, a tenant has a duty to notify the landlord if the rented premises fall into disrepair. *Lonard v. Cooper & Sugrue Properties*, 214 Ga. App. 862, 865, n. 3 (449 SE2d 348) (1994); *Ross v. Jackson*, 123 Ga. 657, 658 (51 SE 578) (1905). It is undisputed here that no tenant alerted the landlords about the condition of the steps. We cannot take account of the photographs Stelter has filed, moreover, because they have not been authenticated. Compare *Isaacs v. State*, 259 Ga. 717, 732 (26) (386 SE2d 316) (1989) (photograph may be authenticated by witness

who testifies that he is familiar with the scene and that the photograph is a fair and accurate representation of it). We therefore conclude that the trial court did not err when it granted the landlords' motion for summary judgment.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 13, 2007.

*Nimmons & Malchow, Kenneth M. Nimmons*, for appellant.
*Glover, Blount & Millians, Michael W. Millians*, for appellees.