**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and WATKINS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 17, 2025

# In the Court of Appeals of Georgia

A25A0247. SZIKLA v. 2505 S. MAIN STREET, LLC.

BARNES, Presiding Judge.

In this dispute over earnest money in a real estate transaction, Alexander Szikla ("the Buyer") appeals from the grant of partial summary judgment to 2505 S. Main Street, LLC ("the Seller"). For the reasons that follow, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459, 459 (1) (486 SE2d 684) (1997). Thus, "[t]o prevail on its motion for summary judgment, [the

Seller], as movant, has the burden of establishing the non-existence of any genuine issue of fact . . . and all doubts are to be resolved against [the Seller]." (Citation and punctuation omitted.) *Wirth v. Cach, LLC*, 300 Ga. App. 488, 489 (685 SE2d 433) (2009).

The material facts are undisputed. On July 28, 2022, the Buyer signed a commercial purchase and sale agreement to purchase a shopping center in Moultrie, Georgia. The Seller signed and returned the agreement on August 1, 2022. The agreement provided:

> **Notice of Binding Agreement Date:** The Binding Agreement Date shall be the date when a party to this transaction who has accepted an offer or counteroffer to buy or sell real property delivers notice of that acceptance to the party who made the offer or counteroffer in accordance with the Notices section of the Agreement. . . .

The agreement also stated that "[t]ime is of the essence," and included 11 special stipulations. One of the stipulations provided a financing contingency:

> Financing Contingency - The Buyer's obligations herein are contingent on the Buyer's obtaining financing to pay the balance on the Purchase Price. Financing should be 70% or above of purchase price with maximum interest rate of 5.5%. In the event that the Buyer fails to obtain

financing within 60 days, Buyer shall send a notice to the seller informing of the same.

The agreement further provided for the return of the earnest money:

Buyer shall be entitled to the earnest money upon: (a) failure of the parties to enter into a binding agreement; (b) failure of any contingency or condition to which this Agreement is subject; (c) termination of this Agreement due to the default of the seller; (d) the termination of this Agreement in accordance with a specific right to terminate set forth in the Agreement; or (e) upon the closing of Property.

. . .

Seller shall be entitled to the earnest money if this Agreement is terminated due to the default of Buyer. . . .

On September 30, 2022, the Buyer sent an email to the Seller's agent outlining his failed efforts to obtain financing, but stating that he was "committed to this deal and plan[ned] to close" if he could find equity partners or a loan, and requesting an "extension" to "keep this deal alive." The Seller never signed an agreement for an extension, but the parties proceeded with the transaction while the Buyer continued to work with lenders. In mid-November 2022, the Buyer sent the Seller notice of his intent to exercise the financing contingency based on his inability to obtain financing

3

and requested a refund of the earnest money. In response, the Seller terminated the contract, asserting that the Buyer was in default because he failed to terminate the contract during due diligence or the financing contingency period.

In February 2023, the holder of the earnest money filed a petition for interpleader, seeking to pay the earnest money into the court's registry and have the court determine the proper distribution of the funds. The Buyer and Seller responded, with the Buyer filing several cross-claims, including two for attorney fees and one in which he argued that he was entitled to the earnest money because his obligation to close the contract was "contingent on [him] obtaining financing on the subject property," and with the Seller filing a cross-claim for breach of contract on the ground that the Buyer "did not timely exercise his option to terminate the contract within 60 days because of the inability to secure the desired financing." The Seller moved for partial summary judgment, and, following a hearing, the trial court granted summary judgment to the Seller on its breach of contract claim and all of the Buyer's cross-claims. In reaching this outcome, the court determined that the Binding Agreement Date was July 28, 2022, and that "[i]n order to trigger the financing contingency, [the Buyer] was required to send a notice to [the Seller] on or before September 26, 2022."

Accordingly, the court found that the Buyer's September 30, 2022 notice was untimely, and therefore, "none of the events set forth as conditions precedent to [the] Buyer receiving a refund of the earnest money occurred." Thus, the trial court concluded that the Buyer was in default, and the Seller was entitled to the earnest money as liquidated damages. This appeal followed.

1. The Buyer argues that the trial court erred by granting summary judgment because there is no evidence in the record as to when he delivered the signed agreement to the Seller. Pretermitting whether the financing contingency required the Buyer to give notice of his inability to obtain financing within the 60-day window, we agree that there is no evidence in the record from which the Binding Agreement Date can be determined.[1]

---

[1] We reject the Seller's assertion that the Buyer waived this argument on appeal by failing to raise it in the trial court. As an initial matter, the Buyer argued below that "there is a dispute over the Agreement's binding date." What is more, this is an argument on a factual issue regarding whether the Seller failed to meet its evidentiary burden. And "[o]n appellate review of a granted summary judgment, the non-moving party may assert that the movant did not meet its evidentiary burden of proving a prima facia case — a requirement for the movant to show that it is entitled to judgment as a matter of law — even if the non-moving party did not expressly raise that assertion in the trial court." *Ford v. Macon-Bibb County*, 364 Ga. App. 444, 445 (2) (875 SE2d 427) (2022). In this vein, we also reject the Seller's contention that the Buyer's failure to dispute in his answer that the contract was signed "[o]n or about" July 28, 2022 was an admission that such date constitutes the Binding Agreement

The agreement clearly provides that the Binding Agreement Date "shall be the date when a party to this transaction who has accepted an offer or counteroffer to buy or sell real property *delivers notice* of that acceptance to the party who made the offer or counteroffer in accordance with the Notices section of the Agreement." (Emphasis supplied.) While the evidence shows that the Buyer *signed* the agreement on July 28, 2022, the agreement was not binding until notice of that acceptance was *delivered* to the seller. In the absence of any evidence regarding when the notice was delivered, genuine issues of material fact exist as to the Binding Agreement Date. Accordingly, the trial court erred in granting summary judgment on the Seller's breach of contract claim and the Buyer's cross-claims, including the derivative claims for attorney fees. See *Hall v. Cohner*, 134 Ga. App. 586, 586 (1) (215 SE2d 340) (1975) ("Where the evidence is silent as to some fact, although it be necessary to be proved to authorize a recovery, the question will remain for trial where such fact is not negated by the movant on a hearing of the summary judgment motion."); see also *Cleveland v. Team RTR2, LLC*, 359 Ga. App. 104, 110 (3) (854 SE2d 756) (2021).

Date. Moreover, we decline to find that the Buyer made an admission in judicio when he referenced an unsigned amendment to the agreement in his response to the motion for summary judgment to point out that, "[a]ccording to the Seller," July 28, 2022 was the binding date.

2. In light of our holding in Division 1, we need not address the Buyer's remaining enumerations of error.

*Judgment reversed. Brown and Watkins, JJ., concur.*